[S. F. No. 1318.    Department One.—July 20, 1900.]

## LOTTIE CAMERON et al., Respondents, v. ARCATA AND MAD RIVER RAILROAD COMPANY, Appellant.

BILL OF EXCEPTIONS—SETTLEMENT AFTER DEFAULT—JURISDICTION—EX-CUSE NOT APPEARING—APPEAL.—A judge is without jurisdiction to settle a bill of exceptions presented after the time allowed by law if it fails to disclose any excuse for the delay, or any facts from which the appellant could claim relief from his default, or that he applied therefor. A bill of exceptions so settled cannot be considered upon appeal.

ID.—EXTENSION OF TIME—LIMITS OF POWER.—A judge cannot grant an extension of time to present a bill of exceptions, exceeding in the aggregate a period of thirty days, without the consent of the opposite party. He cannot grant two or more extensions of thirty days each, nor can he grant an extension of time after the moving party has made default.

APPEAL from a judgment of the Superior Court of Humboldt County and from an order denying a new trial. E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

S. M. Buck, F. A. Cutler, Chamberlin & Wheeler, and George D. Murray, for Appellant.

Sevier & Selvage, for Respondents.

HARRISON, J.—The plaintiffs are the surviving widow and infant child of Alexander D. Cameron, deceased, and recovered judgment herein against the defendant in the sum of ten thousand dollars damages for the death of the deceased, resulting

from the negligence of the defendant. From this judgment and an order denying a new trial the defendant has appealed, bringing the case here upon the judgment-roll and a bill of exceptions. The respondents insist that the appellant is not entitled to have the bill of exceptions considered, for the reason that it was not prepared or served upon them within the time provided by the statute, and that the judge had no jurisdiction to settle the same.

The verdict of the jury was rendered September 3, 1897, and judgment thereon was entered upon the next day. September 10th the defendant served upon the plaintiffs, and filed with the clerk, its notice of intention to move for a new trial. The defendant did not serve upon the plaintiffs its proposed bill of exceptions until October 29th, and the plaintiffs then objected thereto upon the ground that the same was served too late. November 8th the plaintiffs, reserving an objection to the proposed bill of exceptions that it was served too late, proposed amendments thereto, and when the same was presented to the judge for settlement again objected to its settlement upon the same ground. It was shown, at that time, and appears from the bill of exceptions itself, that on September 4th the court extended the defendant's time thirty days within which to prepare and serve its proposed bill of exceptions, and that on October 4th the court extended the time for preparing and serving said bill for thirty days further. Each of these extensions was made upon the *ex parte* application of the defendant, and without the consent of the plaintiffs, and it also appears that the plaintiffs did not at any time stipulate or consent to any extension of time for the preparation and serving of any bill of exceptions. The judge overruled and disallowed the objection of the plaintiffs, and settled and signed the bill, and the same was then filed.

Section 1054 of the Code of Civil Procedure provides: "When an act to be done as provided in this code relates to . . . . the preparation of statements or of bills of exception, or of amendments thereto, the time allowed by this code may be extended upon good cause shown by the judge of the superior court in and for the county in which the action is pending, or by the judge who presided at the trial of said action; but such exten-

sion shall not exceed thirty days without the consent of the adverse party." Under section 650 of the Code of Civil Procedure the defendant was entitled to ten days after September 4th—the day upon which the judgment was entered—within which to prepare and serve its draft of a bill of exceptions. The order of September 4th "extending" the time for thirty days should be considered as giving to the defendant that time in addition to the ten days allowed by this section, and would therefore expire October 14th. The notice of its intention to move for a new trial was given September 10th, and as it was stated in this notice that the motion would be made "upon a bill of exceptions to be settled and filed herein," under section 659 (2) of the Code of Civil Procedure the defendant would have ten days from that date within which to prepare and serve such bill. The time thus authorized expired September 20th, and, although under section 1054 the judge would then have been authorized to extend the time for preparing and serving a proposed bill for thirty days, such extension was not granted or sought—the defendant·doubtless acting upon the theory that the extension granted by the order of September 4th had not yet expired. Unless, therefore, the defendant should prepare and serve a draft of the bill on or before October 14th, the judge was not authorized to settle it. The order of October 4th extending the time for thirty days thereafter was not available to the defendant in any view that can be taken of the proceeding. The court had exhausted its power to extend the time for preparing the bill to be used on an appeal from the judgment, and the time within which it might make an order extending the time for preparing and serving the proposed bill under the notice of intention to move for a new trial expired September 20th. Even if we could hold that the order of October 4th could be construed as extending the time for thirty days after September 20th, it would not be available to the defendant, as the draft of his bill was not prepared or served until October 29th.

The suggestion of the appellant that section 1054 is to be construed as declaring that the court cannot grant an extension of more than thirty days at any one time, but that it may make several extensions of thirty days each, and thus extend the time for more than thirty days, is not only contrary to pre-

vious decisions of this court (*Bryan v. Maume,* 28 Cal. 238; *Bunnel v. Stockton,* 83 Cal. 319), but is also in direct violation of the language of the section, which declares in express terms' that "such extension"—that is, whatever extension may be made by the court—shall not exceed thirty days without the consent of the adverse party. "The judge of the court exhausted his power when he extended the time thirty days, and the last extension of time by him was unauthorized." (*Bunnel v. Stockton, supra.*) The provision in section 650 of the Code of Civil Procedure that the draft of the bill may be prepared and served within ten days after the entry of judgment, "or such further time as the court in which the action is pending, or a judge thereof, may allow," does not authorize the court to grant an indefinite extension of time for the preparation and serving of the draft, but is to be read in connection with the restriction in section 1054 upon the amount of time which may be allowed by the court.

Nor can we accede to the proposition of the appellant that, as the judge has settled the statement, it must be considered here that there were sufficient reasons presented to him to excuse the defendant's failure to serve the draft within the time allowed therefor, and that such determination is conclusive in this court. It is a sufficient answer to this contention to say that it does not appear that any attempt was made on the part of the defendant before the superior court to excuse his delay, or that any such determination was made by the judge. The record itself fails to show any facts from which the appellant could claim relief from his default, or that he made any application to the court to obtain such relief. In *Stonesifer v. Kilburn,* 94 Cal. 33, and in *Banta v. Siller,* 121 Cal. 414, cited by the appellant, application was formally made to the superior court, under section 473, to be relieved from the default in presenting the bill, but in the present case no such application was made, the defendant apparently relying upon the extension of October 4th, which, as we have seen, was unauthorized.

It must be held, therefore, that the judge was without jurisdiction to settle the bill of exceptions when it was presented to him, and it follows that it cannot be considered upon this ap-

peal. (*Connor v. Southern Cal. etc. Co.*, 101 Cal. 429; *Henry v. Merguire*, 106 Cal. 142.)

The judgment and order denying a new trial are affirmed.

Van Dyke, J., and Garoutte, J., concurred.

Hearing in Bank denied.