[S. F. No. 4366.  In Bank.—August 24, 1905.]

In the Matter of the Estate of BERTHA M. DOLBEER, Deceased. ADOLPH SCHANDER, Appellant, Petitioner, v. GEORGE D. GRAY, and WILLIAM G. MUGAN, Executors, and ETTA MARION WARREN, Respondents.

PETITION TO PROVE EXCEPTIONS—SETTLEMENT OF BILL UPON REPORTER'S NOTES.—Upon petition to prove exceptions in this court, where all the exceptions taken were not allowed, and others were not allowed in the form appearing in the notes of the reporter, a new bill will be settled which sets out the proceedings and exceptions exactly in the form in which they appear in the reporter's notes in lieu of the bill settled by the superior court.

PETITION to settle exceptions upon appeal from a judgment of the Superior Court of the City and County of San Francisco admitting a will to probate. J. V. Coffey, Judge.

The facts are stated in the report of the chief justice, approved by the court.

Albert M. Johnson, and Hiram W. Johnson, for Petitioner.

BEATTY, C. J.—This cause having been referred to me to take testimony in reference to exceptions alleged in the affidavit of petitioner to have been reserved by him with directions to report to this court the result of my proceedings in the premises, I hereby make the following report: The parties appeared before me and introduced a large amount of testimony touching the matters alleged in said affidavit. Most of this evidence was offered for the purpose of showing that the statements contained in the bill of exceptions as settled by the judge of the superior court in connection with the exceptions which he allowed were incorrect, either in the way of omission or inclusion of matter not proper to have been omitted or included. As to all those matters, the rulings of this court in construing section 652 of the Code of Civil Procedure show that the evidence was entirely immaterial. The parties consented that some corrections should be made by the judge of the superior court in the bill to be finally certified by him after engrossing, and but one matter was left to be passed upon by me. On the examination of the witness William Carson a number of exceptions were reserved by the petitioner herein. In proposing his bill of exceptions the petitioner did not state these various rulings, objections, and exceptions exactly as they appear in the notes of the official reporter of the superior court, and the judge did not allow them either in the form proposed, or exactly in the form in which they appear in the reporter's notes, nor were all of the several exceptions actually taken allowed. I have, therefore, decided to approve a separate bill which sets out these proceedings exactly as they appear in the reporter's notes, in lieu of what appears in the bill of exceptions as settled by the superior court. The parties to the proceeding waive any report of the testimony adduced before me.

The bill of exceptions approved by me is hereto attached, and will be certified in duplicate upon the approval of this report.

Henshaw, J., Van Dyke, J., McFarland, J., and Lorigan, J., approved the above report August 16, 1905.