[L. A. No. 4684. In Bank.—June 7, 1916.]

## F. A. COX, Appellant, v. PALOS VERDES COMPANY (a Corporation), et al., Respondents.

APPEAL—DISMISSAL—FAILURE TO FILE TRANSCRIPT—INEFFECTIVE MOTION FOR NEW TRIAL—DEFAULT IN SERVING STATEMENT ON APPEAL—EXPIRATION OF TIME FOR RELIEF.—Where an appeal from a judgment has been taken, and the appellant's attempted motion for new trial, noticed to be made on a statement of the case, is ineffective because the notice of intention was not served in time, the failure of the appellant to file his transcript on the appeal within forty days after the expiration of the time limited by section 473 of the Code of Civil Procedure for securing relief from his default in the matter of serving his proposed statement for use on the appeal, necessitates the dismissal of the appeal.

ID.—FAILURE TO PRESENT STATEMENT IN TIME—COMMENCEMENT OF DEFAULT.—The relief essential to the settlement of the statement for use on the appeal from the judgment is relief from the appellant's default in the matter of presenting his proposed statement, from his failure to present it in time. Such default occurred upon the expiration of ten days after the service on appellant of notice of the entry of judgment.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County. Grant Jackson, Judge.

The facts are stated in the opinion of the court.

W. A. Martin, for Appellant.

William Chambers, and Carter, Kirby & Henderson, for Respondents.

ANGELLOTTI, C. J.—Motion to dismiss appeal from the judgment for failure to file transcript within the time prescribed by the rules of this court.

The appeal herein was taken July 23, 1915, and the time for filing a transcript has long since expired, unless there is *pending* in the superior court a proceeding for the settlement of a bill of exceptions or statement which may be used in support of the appeal. (Rule 2.) The certificate of the clerk of said court on which the motion is based does not show the fact in regard to this, but said certificate, when taken in connection with certain affidavits filed by appellants, fairly shows all material facts.

The judgment was entered June 2, 1915, and notice of entry was served on appellant on June 3, 1915. Notice of intention to move for a new trial was not filed until June 15, 1915, which admittedly was too late, and the notice was therefore ineffectual for any purpose. On August 9, 1915, the motion for a new trial was dismissed. The notice of motion for new trial specified that the motion would be based on a statement on motion for a new trial. No proposed statement was served until July 24, 1915. The judge had on June 24, 1915, made an order granting appellant "thirty days in addition to the time allowed by law within which to serve his proposed statement on motion for a new trial, if motion has been properly made, or relief granted by the court as to any defect now existing." Reserving all objections to the settlement of the statement, respondents served proposed amendments thereto, and on August 14, 1915, the proposed statement and proposed amendments were delivered by appellant to the clerk of the court for the judge. They have ever since

been on the files of the court and were not called to the attention of the judge until after the giving and filing of notice of this motion to dismiss, March 30, 1916. The trial judge has made no formal disposition of the matter of the settlement of such statement. The trial court has made no order relieving appellant from the effect of any default in the matter, and it is not claimed that any application for any such relief has ever been made.

The question then is whether, in view of these facts, a proceeding for the settlement of a statement that may be used on the appeal from the judgment is ''pending'' in the superior court within the meaning of our rule. We think it clear that it must be held that no such proceeding is now pending or has been pending at any time since December 14, 1915, even if pending before said date. If appellant's notice of intention to move for a new trial had been served and filed in time, he would have been entitled to serve his proposed statement on motion for a new trial, which could also have been used on his appeal from the judgment (*Haviland* v. *Southern California Edison Co., ante,* p. 601, [158 Pac. 328]), within ten days after the service of his notice of intention to move for a new trial, which, it may be conceded, would have given him to June 24, 1915, and the order of the judge extending his time thirty days, made June 24, 1915, would have been in time, and would have given him until July 24th, on which day the proposed statement was served. But the notice of intention to move for a new trial was not served in time, and was ineffectual for any purpose, with the result that his time to serve a proposed bill of exceptions or statement that could be used on the appeal from the judgment commenced to run June 3d, and expired June 14, 1915 (the 13th being a Sunday), prior to the making of the order of June 24th. That order, too, it appears, was a conditional one, granting an extension in the event the ''motion has been properly made,'' and in view of the fact that the proceeding on motion for new trial was not instituted in time, in fact gave no additional time. The trial court had power to relieve appellant from his default in the matter of serving the proposed bill of exceptions or statement, and the same, in that event, could have been used on the appeal from the judgment (*Haviland* v. *Southern California Edison Co., ante,* p. 601, [158 Pac. 328]), but could grant such relief only in the

event that application was made therefor within six months from the default (Code Civ. Proc., sec. 473), that is, within six months from June 14, 1915. It must be taken as a fact that no such application was made. Learned counsel for appellant is in error in his assumption that his claim for relief in such a case would arise only on the refusal of the judge to settle his statement. Relief from his default in the matter of presenting his proposed statement, from his failure to present it in time, is the relief essential to the settlement (*Cole* v. *Wilcox*, 99 Cal. 551, [34 Pac. 114]; *Cameron* v. *Arcata etc. R. R. Co.*, 129 Cal. 279, 282, [61 Pac. 955]; *Bailey* v. *Kreutzmann*, 141 Cal. 520, [75 Pac. 104]), and this failure or default occurred on June 14, 1915. *Stonesifer* v. *Kilburn*, 94 Cal. 33, [29 Pac. 332], does not hold to the contrary in this regard. If there be anything in the opinion susceptible of such construction, it must be considered as overruled. Since December 14, 1915, therefore, notwithstanding the absence of any formal order dismissing the proceeding for a statement or refusing to settle it, there cannot fairly be said to have been any proceeding for the settlement "pending" in the lower court. The very best that can be contended for appellant in this connection is that he had such a proceeding, but that it lapsed on December 14, 1915, with the power of the court to grant him relief from his default in failing to serve his proposed statement in time. The transcript on appeal not having been filed within forty days thereafter, the motion to dismiss is well based. We do not desire to be understood as holding that appellant can be said ever to have had a proceeding "pending" for the settlement of a statement, in view of his failure to serve any proposed statement within time, and the absence of any application for relief from his default. But we have assumed the fact in his favor for the purposes of the decision.

The appeal is dismissed.

Shaw, J., Melvin, J., Sloss, J., and Lawlor, J., concurred.