[Civ. No. 3121.   Second Appellate District, Division One.—December 16, 1919.]

A. C. RATH, Respondent, v. ARTHUR C. VAUGHAN, Appellant.

[1] APPEAL—DEFAULT IN PREPARATION OF PROPOSED BILL OF EXCEPTIONS—CONTINGENT INTENTION TO MAKE APPLICATION FOR RELIEF.—A contingent intention to make application, under section 473 of the Code of Civil Procedure, for relief from default in the preparation and service of a proposed bill of exceptions within time, does not constitute a pending proceeding for such relief.

[2] ID.—EXPIRATION OF TIME FOR PREPARATION OF PROPOSED BILL OF EXCEPTIONS—JURISDICTION OF COURT TO THEREAFTER EXTEND TIME.—After the time prescribed by section 650 of the Code of Civil Procedure within which a party may prepare and serve upon the adverse party a proposed bill of exceptions has expired, the court is without authority to revive that right by an *ex parte* "order extending time," and such an order, having been made, is properly set aside.

[3] ID.—FAILURE TO FILE TRANSCRIPT WITHIN TIME—DISMISSAL OF APPEAL.—Where the defendant fails to propose his bill of exceptions within the time limited by law, and likewise fails to file in the appellate court his transcript on appeal, and no sufficient cause appears excusing him from the consequences of his failure to file his transcript within the time prescribed by rule II of the appellate court, the appeal will, on motion, be dismissed.

MOTION to dismiss an appeal.   Granted.

The facts are stated in the opinion of the court.

George Greer and Arthur C. Vaughan, *in pro. per.,* for Appellant.

Charles F. Reiche for Respondent.

CONREY, P. J.—On motion to dismiss appeal in an unlawful detainer action, on the ground that the transcript has not been filed within the time allowed by law. Notice of this motion was served and filed on September 10, 1919. Rule II prescribes, as the general rule, that the printed transcript shall be filed within forty days after the appeal was perfected. But "if a proceeding for settlement of a bill of exceptions which may be used in support of such appeal is pending or may still be instituted, the time aforesaid shall not begin to run until the settled and authenticated bill of exceptions has been filed, or the time in which a proceeding for such a bill of exceptions may be instituted has expired, or such proceeding if instituted has been dismissed by the trial court."

By the clerk's certificate it appears that notice of entry of judgment was served on defendant on the thirty-first day of March, 1919. Notice of intention to move for a new trial was filed on April 7th, and notice of appeal from the judgment was filed on April 10th. The motion for new trial was never brought on for hearing. Therefore, under the limitations established by the terms of section 660 of the Code of Civil Procedure, the power of the court to grant a new trial of the case expired on the thirtieth day of June.

Under the provisions of section 650 of the Code of Civil Procedure, the time allowed to a party to prepare and serve upon the adverse party a proposed bill of exceptions is, in a case tried without a jury, "within ten days . . . after receiving notice of the entry of judgment." "Or if proceedings on motion for a new trial be pending, within ten days after notice of decision denying said motion, or other determination thereof, or such further time as the court in which the action is pending, or a judge thereof, may allow."

From and after June 30, 1919, the proceeding on motion for new trial was no longer pending. The time within which defendant was entitled to serve and file his proposed bill of exceptions would, therefore, in the ordinary course of

procedure, expire on the tenth day of July, unless further time had been granted, and the forty days' time for filing the transcript would then begin to run. The transcript, then, was overdue when plaintiff gave notice of this motion to dismiss the appeal.

On the seventeenth day of July, on affidavit filed by the defendant, a judge of the superior court made an order purporting to extend for twenty days the time for filing said proposed bill of exceptions. On August 14th, on motion of plaintiff, after due notice, the same court set aside the order of July 17th. On the sixth day of August defendant served on the plaintiff's attorney, who acknowledged receipt of copy thereof, a proposed bill of exceptions. On the fifteenth day of August plaintiff served on defendant his "objections and amendments" to the proposed bill, and therein specifically objected to the signing, settlement and allowance of the bill on the ground that it was not served within the time provided by law. The judge has not yet settled or allowed the said proposed bill of exceptions.

Defendant's affidavit in opposition to the motion herein states that August 23d was the date when he delivered to the clerk, for the judge, the proposed bill and amendments. It appears that the trial judge was absent on vacation from and after August 18th, and on September 17th had not returned therefrom. Defendant in another affidavit further states that on September 30th the matter of settlement of the bill was by the judge set down for October 7th, of which the clerk sent notice to the parties; that on October 7th the matter was continued to October 8th; that on October 8th plaintiff and defendant appeared, and the court proceeded to examine and settle the bill. The minutes of that court of October 8th, set forth in the same affidavit, state that "the court partially examines into said matter, and of its own motion, both plaintiff and defendant consenting, but without thereby waiving or intending to waive any legal right or advantage whatever now existing, continues the further hearing" until November 26th.

[1] In defendant's affidavit filed herein on September 17th he states "that should the judge refuse to sign or settle the bill of exceptions because of delay, affiant will move, under section 473 and upon his motion and affidavit hereto attached." Said attached papers are a purported copy of a conditional notice of motion, and a purported copy of an

affidavit, for relief under section 473 of the Code of Civil Procedure, by means of an order "to set aside any default and to grant leave to serve said proposed bill of exceptions, and that the same stand as served." It does not appear that said notice and affidavit have been served or filed, or even if served and filed, that the contingently intended application for relief has been made. There is merely a possibility, that at some time within the limits of time fixed by law, an application for such relief may be made. This is not sufficient to constitute a pending proceeding for such relief.

We have, then, a plain case wherein the defendant failed to propose his bill of exceptions within the time limited by law, and likewise failed to file in this court his transcript on appeal. In *Cox* v. *Palos Verdes Co.*, 172 Cal. 702, [158 Pac. 332], it was contended by appellant that his claim for relief from default in the matter of serving a proposed bill of exceptions or statement would arise only on the refusal of the judge to settle the statement. But the court said: "Relief from his default in the matter of presenting his proposed statement, from his failure to present it in time, is the relief essential to the settlement, . . . and this failure or default occurred on June 14, 1915," which was the day on which the time expired within which to give notice of intention to move for a new trial. [2] By parity of reasoning, in the present case, the default which deprived the defendant of his right to a bill of exceptions took effect on the expiration of the tenth day of July, 1919. The court thereafter was without authority to revive that right by an *ex parte* "order extending time." Such order, having been made, was appropriately set aside.

[3] No sufficient cause appears excusing appellant from the consequences of his failure to file his transcript within the time prescribed by rule II. Therefore the appeal is dismissed.

Shaw, J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 12, 1920, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 13, 1920.