[Civ. No. 4007.    First Appellate District, Division One.—November 25, 1921.]

MARY A. KERRIGAN et al., Appellants, v. DEBORAH ANDERSON, Respondent.

[1] BILL OF EXCEPTIONS—RELIEF FROM DEFAULT—TIME.—An application under section 473 of the Code of Civil Procedure for relief from a default in failing to serve and file a proposed bill of exceptions within the time allowed by law is too late where not made until more than seven months after the expiration of the time provided by the written stipulation of the parties for such filing and service, since the time for making such an application begins to run from the date of the default, and not from the time of the making of the order refusing to settle the bill.

APPEAL from an order of the Superior Court of San Mateo County denying a motion for relief from a default. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Thomas W. Forsyth and P. R. Lund for Appellants.

Franklin Swart and John H. Machado for Respondent.

RICHARDS, J.—This is an appeal from an order of the superior court of the county of San Mateo denying a motion of the plaintiffs herein to be relieved from their default in failing within the time allowed by law to serve and file their proposed bill of exceptions in the case.

The action was one brought to set aside a deed given to the defendant by her mother conveying certain real estate. Judgment was therein entered in favor of the defendant on March 9, 1920; notice of the entry of such judgment was served on the plaintiffs' attorneys on March 25, 1920, and was filed on April 1, 1920. A motion for a new trial was made by the plaintiffs and denied on May 13, 1920; on June 10, 1920, notice of appeal from the judgment was duly served and filed; on June 11, 1920, a written stipulation signed by the attorneys for both parties was filed extending the plaintiffs' time to prepare and serve a bill of exceptions to July 1, 1920. Thereafter certain corre-

spondence and also certain conferences occurred between respective counsel having reference in part to the preparation of the bill of exceptions and in part to' the settlement of the case. On September 20, 1920, counsel for the defendant wrote a letter to one of the plaintiffs' counsel stating that he saw no chance of the settlement of the case and suggesting that steps be taken to bring the matter to a conclusion. Up to this time no proposed bill of exceptions had been served, although at some earlier date plaintiffs' counsel had sent to the defendant's counsel a rough draft of a statement of the testimony, which was to be incorporated in a bill of exceptions to be thereafter prepared On September 24, 1920, plaintiffs' counsel, replying to the foregoing letter, referred to this incomplete draft of the testimony, required its return, and inclosed a proposed stipulation extending the time for the preparation and filing of the bill of exceptions to October 15, 1920. To this letter defendant's counsel made no written response nor did he sign said stipulation. During the following two, months or thereabouts it is claimed by plaintiffs' counsel and denied by counsel for the defendant that in certain conferences between respective counsel oral stipulations and understandings were had, the effect of which, according to appellants' claim, was to extend the time for the service and filing of the bill of exceptions. In the early part of December, 1920, one of plaintiffs' counsel went to the office of defendant's counsel and procured the incomplete draft of the testimony above referred to. At or about the same date a letter was written by counsel for the plaintiffs to defendant's counsel referring in detail to the foregoing matters, and again requesting the latter's signature to a written stipulation extending plaintiffs' time to prepare and serve their bill of exceptions. To this letter defendant's counsel replied on or about December 15, 1920, refusing to sign said or any stipulation with relation to said bill of exceptions. Thereafter and on or about January 4, 1921, plaintiffs' proposed bill of exceptions was served on defendant's counsel and delivered to the clerk of the court, with instructions to hand the same to the judge.

The hearing upon the matter of the settlement of said bill of exceptions and upon the defendant's objection to the

settlement of the same was had before the trial court on February 7, 1921, whereupon the court made the following order: "The proposed bill of exceptions in the above matter was handed to this court on January 6, 1921, for settlement, more than six months after the time allowed by law for its presentation. The objection to the settlement of the same is hereby sustained and the court refuses to settle said bill of exceptions."

Thereafter and on February 17, 1921, plaintiffs' counsel gave notice of a motion to relieve said plaintiffs from the effect of said last-named order and from their default in not having served and filed their bill of exceptions within the time allowed by law upon the ground of mistake, inadvertence, surprise, and excusable neglect. The notice of said motion was accompanied by two affidavits of plaintiffs' counsel setting forth at length the several letters which had passed between themselves and defendant's counsel, and also purporting to set forth the substance of several interviews between respective counsel, wherein it was asserted certain assurances had been given and oral understandings had the effect of which was to extend plaintiffs' time for the service and filing of their said bill of exceptions. Said motion was also predicated upon all of the papers, records, and files in the case. To these affidavits the defendant's counsel responded with a counter-affidavit, denying said alleged oral stipulations and understandings, and denying that any extensions had been granted save only that covered by the original stipulation between counsel. This motion came on for hearing on February 24, 1921, whereupon the court made and entered its order denying the same. It is from this last-named order that this appeal has been taken.

[1] The respondents herein make an objection which stands upon the threshold of the consideration of this appeal upon its merits. This objection is that the plaintiffs' motion to be relieved from their default in failing to present, serve, and file their bill of exceptions within the time allowed by law and by the written stipulation of the parties, being based upon the ground of mistake, inadvertence, surprise, and excusable neglect, is to be treated—although not expressly stated as being—a motion made under the provisions of section 473 of the Code of Civil Procedure. It

was not made within the six months' period prescribed by said section of the code and was, therefore, properly denied.

This objection, we think, must be sustained. The judgment herein was entered upon March 9, 1920; notice of the entry thereof was duly given and filed on April 1, 1920; plaintiffs' motion for a new trial was denied on May 13, 1920; notice of appeal was filed June 11, 1920, and on that date the written stipulation of the parties was filed wherein the time of plaintiffs within which to prepare and serve their bill of exceptions was extended to July 1, 1920. No other or further extension by either written stipulation of the parties or order of the court was given; and it inevitably follows that upon the expiration of such extension of time on July 1, 1920, no bill of exceptions having been served or filed, the plaintiffs were in default unless their time to so file the same had been extended by oral agreement between the counsel for the respective parties. The trial court resolved the conflict in the affidavits of said counsel in that regard against the plaintiffs by its first order refusing to settle the bill of exceptions upon the ground that it had not been presented in time, the same facts having also appeared upon the hearing preceding the making of said order. No appeal having been taken therefrom, said order became final. The application for relief from the default which led to the making of said order was not made until February 18, 1921, more than seven months after the time provided in the written stipulation of the parties for the making, service, and filing of said bill of exceptions had expired. That the date of such default, and not the date on which the court made its order refusing to settle the bill of exceptions, is the date when the time within which relief must be sought, under section 473 of the Code of Civil Procedure, begins to run has been settled in several recent cases. (*Cox* v. *Palos Verdes Co.*, 172 Cal. 702 [158 Pac. 332]; *Moultrie* v. *Tarpio*, 147 Cal 377 [81 Pac. 1112]; *Rath* v. *Vaughan*, 45 Cal. App. 38 [187 Pac. 44].) It follows that plaintiffs' motion for relief from their default came too late, and, hence, the court had no other alternative but to deny the same.

Order affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 23, 1922.

All the Justices concurred.