[L. A. No. 9146. In Bank.—August 2, 1926.]

CHARLES LANTZ, Appellant, v. VICTORINE VAI et al., Respondents.

[1] APPEAL—VACATED JUDGMENT—DISMISSAL.—The effect of an order vacating and setting aside a judgment, on a motion to have it vacated and a different judgment entered, is to destroy it, and no appeal lies from it, nor can a motion for a new trial be predicated upon it, and an attempted appeal from it will be dismissed.

[2] ID.—VACATING JUDGMENT—REVIEW ON APPEAL.—An order granting a motion to vacate a judgment and enter a different judgment is

---

1. See 2 Cal. Jur. 164; 15 R. C. L. 724.
2. See 2 Cal. Jur. 163; 2 R. C. L. 45.

one properly reviewable on appeal in the same manner as a special order made after final judgment and on a bill of exceptions to be prepared in accordance with the provisions of section 649 of the Code of Civil Procedure.

[3] ID.—TRANSCRIPT ON APPEAL—FAILURE TO FILE IN TIME—DISMISSAL. Upon an appeal from an order vacating and setting aside a judgment and entering a different judgment, where the transcript on appeal is not filed within forty days from the date of filing the notice of appeal and no extension of time or relief from the default is granted, the appeal will be dismissed.

[4] ID.—BILL OF EXCEPTIONS—TIME FOR.—Under section 650 of the Code of Civil Procedure, ten days is allowed after notice of entry of a substituted judgment within which to prepare and serve a draft of a proposed bill of exceptions to the order vacating the former judgment and ordering a different judgment, and an order extending the time for such bill of exceptions made after the expiration of said ten days is ineffective and confers no authority to settle a bill subsequently presented.

(1) 3 **C. J.**, p. 603, n. 50; 34 **C. J.**, p. 385, n. 98. (2) 3 **C. J.**, p. 524, n. 17. (3) 4 **C. J.**, p. 470, n. 7. (4) 4 **C. J.**, p. 282, n. 16.

APPEALS from judgments of the Superior Court of Los Angeles County. Carlos S. Hardy, Judge. Appeals dismissed.

The facts are stated in the opinion of the court.

Winslow P. Hyatt, Frederick C. Huber and Chas. Lantz for Appellant.

C. F. Culver and Earl E. Johnson for Respondents.

WASTE, C. J.—Respondent Victorine Vai has moved to dismiss the appeals noticed by appellant. As plaintiff in the court below, the appellant brought an action to quiet title to real property. Certain of the defendants, including the respondent Victorine Vai, answering, traversed the allegations of the complaint, and Victorine Vai, by way of cross-complaint, sought to quiet her title to the same land, but under a different description, as against the claims of the plaintiff. The trial court found that both the plaintiff

3. See 2 Cal. Jur. 663; 2 R. C. L. 152.
4. See 2 Cal. Jur. 560.

and the defendant Victorine Vai had failed to establish title, or right of possession, and entered judgment that neither plaintiff nor defendant Victorine Vai was the owner of the property.

Judgment was entered on August 19, 1925. On September 8, the defendant Vai served on plaintiff notice of the entry of this judgment. On September 15 she served on plaintiff, and filed, notice of intention to move for a new trial, and on the same day gave notice of motion to have the judgment vacated and set aside and another and different judgment entered. The motion was granted. The court set aside and vacated the judgment of August 19 and rendered another by which it was decreed merely that the plaintiff Lantz is not the owner, or entitled to the possession, of the real property in dispute. The substituted judgment was entered on October 14, 1925, and on October 27 the defendant Vai served on plaintiff notice of its entry. Plaintiff excepted to the order granting the motion for another judgment, and prepared a bill of exceptions thereto, which was served on October 31, and settled, allowed and filed on November 19. On the last-named date plaintiff obtained an order from the court extending for thirty days his time within which to prepare a bill of exceptions to the substituted judgment. This second bill of exceptions was presented to the trial judge and was refused settlement on January 14, 1926.

Reference has been made to the fact that on the fifteenth day of September, 1925, the defendant Victorine Vai served and filed a notice of intention to move for a new trial. On the nineteenth day of September the plaintiff also served and filed like notice of intention. On November 9, 1925, the motions for a new trial appear to have been denied, although the record in the court below is indefinite as to what actually occurred. On November 24, 1925, plaintiff filed a notice of appeal from that portion of the judgment entered on August 19 in favor of the defendant Victorine Vai and against plaintiff and also from the substituted judgment of October 14.

The respondent Victorine Vai has moved to dismiss the appeals upon the ground that the notice of appeal was not filed within the time allowed by law, and that the transcript was not prepared and filed within time. Appellant con-

ceded at the time of the oral argument that his appeal from
the judgment of August 19, 1925, was not properly taken,
and might be dismissed. As no formal order of dismissal
was entered at the time, he now requests that he be allowed
to withdraw the concession. **[1]** But we are of the opin-
ion that no appeal lies from the judgment of August 19.
The effect of the order vacating and setting aside the judg-
ment was to destroy it. (See *Mantel* v. *Mantel*, 135 Cal.
315 [67 Pac. 758].) There can be no appeal from a judg-
ment which has been set aside; neither can a motion for a
new trial be predicated upon a judgment which does not
exist. It is therefore unnecessary to consider the contention
of the appellant that valid proceedings on the motions for
a new trial heretofore noted were pending. The appeal
from the judgment of August 19 must be dismissed.

**[2]** The order granting the motion to vacate the judg-
ment of August 19 was one properly reviewable on appeal
in the same manner as a special order made after final
judgment and on a bill of exceptions to be prepared in
accordance with the provisions of section 649 of the Code of
Civil Procedure. (Code Civ. Proc., 663a.) **[3]** Such a
bill was prepared and filed on the nineteenth day of Novem-
ber. Therefore, when appellant filed his notice of appeal
on the twenty-fourth day of November, his appeal was per-
fected and his record made. The time within which to file
his transcript commenced to run on that date, and the forty
days expired on the third day of January, 1926. No ex-
tension of time for the preparation or the filing of the
transcript as to this appeal was obtained, and the plaintiff
was not relieved of his default. At the time this notice of
motion to dismiss the appeal was given plaintiff had not
only failed to file his transcript within forty days (Su-
preme Court Rule II), but seventy-seven days had in fact
elapsed. These facts entitle the respondent to an order dis-
missing the appeal from the order vacating and setting aside
the judgment of August 19, 1925.

**[4]** Notice of entry of the substituted judgment was
served on the twenty-seventh day of October, 1925, and plain-
tiff, under section 650 of the Code of Civil Procedure, then
had ten days to prepare and serve a draft of his proposed
bill of exceptions. The ten days expired on November 7.
He did not apply for an extension of time to prepare this

bill until the nineteenth day of November, which was twelve
days too late. The order of the judge granting the exten-
sion after the expiration of the statutory period within
which to prepare the bill was ineffective and was properly
ignored by the lower court as conferring no authority upon
it to settle the bill subsequently presented. (*In re Clary,*
112 Cal. 292, 295 [44 Pac. 569]. See, also, *Cameron* v.
*Arcata etc. R. R. Co.,* 129 Cal. 279 [61 Pac. 955], and *Rath*
v. *Vaughan,* 45 Cal. App. 38 [187 Pac. 44].)

No transcript having been prepared and filed within the
time required by law, and it not appearing that the plain-
tiff below who is seeking to appeal was relieved from his de-
fault, it is ordered that the appeals be and they are dis-
missed.

Richards, J., Seawell, J., Shenk, J., Curtis, J., and Len-
non, J., concurred.

Rehearing denied.