[L. A. No. 11382. In Bank.—August 14, 1929.]

JAMES A. KEOWN, Petitioner, v. CALIFORNIA PA-
CIFIC REALTY COMPANY (a Corporation) et al.,
Respondents.

James A. Keown for Petitioner.

Henry E. Monroe and Robert A. Woodyard for Respond-
ents.

RICHARDS, J.—The petitioner has applied to this court for the settlement by it of a bill of exceptions in a certain action entitled California Pacific Realty Company, a Corporation, Plaintiff, v. California Pacific Title Insurance Company, a Corporation, and James A. Keown, Defendants, which action was commenced in the Superior Court in and for the City and County of San Francisco, State of California, on February 3, 1926, and which, after due service of process upon the defendants therein and after issue joined, came on for trial on January 16, 1928. Upon the trial and submission of the cause the trial court rendered and entered its judgment on February 17, 1928, in favor of the plaintiff and against the defendant James A. Keown, the petitioner herein. Notice of the judgment and the entry thereof was duly served upon the petitioner on February 21, 1928. On March 14, 1928, the petitioner filed his notice with the clerk to prepare the transcript on appeal from such judgment under the provisions of section 953a of the Code of Civil Procedure and which, according to the admissions of his petition herein, was too late, as having been filed ten days beyond the time provided in said section. The trial court accordingly refused to permit the petitioner, as appellant therein, to have prepared a transcript upon his appeal under the provisions of said section of the code; whereupon, and on April 13, 1928, the said defendant filed a second notice of appeal, and on April 20, 1928, moved the trial court ex parte to extend his time to perfect his appeal. The trial court denied his motion, but in doing so allowed the defendant thirty days' additional time to prepare a bill of exceptions upon said appeal. On May 2, 1928, the trial court made a further ex parte order, upon the defendant's application, allowing him an additional thirty days within which to prepare said bill of exceptions. On June 18, 1928, the said defendant presented and filed his bill of exceptions, and on July 9, 1928, applied to said court for the settlement thereof. On July 10, 1928, the respondent upon said appeal, California Pacific Title Insurance Company, presented and filed its objections to the settlement of the appellant's proposed bill of exceptions. The appellant's application for the settlement of said bill of exceptions and the respondent's opposition thereto came on for hearing before the trial court on September 28, 1928;

whereupon the trial court refused to take any action thereon for the assigned reason that it was without jurisdiction so to do. Thereupon the petitioner moved the trial court, upon notice, to extend his time for the settlement of said bill of exceptions, purporting so to do under the provisions of section 473 of the Code of Civil Procedure. He also, on November 28, 1928, gave notice of appeal from the order of the trial court refusing to settle said bill of exceptions. On January 4, 1929, the trial court denied the defendant's application for a further extension of time within which to have settled his aforesaid bill of exceptions. On January 5, 1929, the petitioner filed in this court his petition asking this tribunal to settle his bill of exceptions, and proffering as a part of his application a proposed draft of said bill of exceptions. The respondents herein have presented and filed their opposition to the granting of the petition, supporting the same by affidavits which do not materially controvert the averments of the petition, and with a certified copy of the entries upon the docket of the trial court more particularly identifying the dates upon which the various proceedings were taken to which the petition herein relates.

The only questions presented to this court for decision are, first, as to whether there exists any authority in law empowering this court to grant the petition herein or to make any such order looking to· the settlement of appellant's bill of exceptions as is prayed for by his petition herein; second, whether the petitioner has not mistaken his remedy, which should have been by way of *mandamus* to compel the trial court to proceed with the settlement of his bill of exceptions. ■ Upon the first of these questions we are satisfied that under the authorities this court has no power to settle the petitioner's proposed bill of exceptions. Section 652 of the Code of Civil Procedure, upon which he relied for such authority, has no application to a case where the trial court has for any reason refused to settle a bill of exceptions. (See 2 Cal. Jur., sec. 305, p. 578, wherein this subject is fully discussed. See, also, *Estate of Dolbeer*, 147 Cal. 569 [82 Pac. 192].) ■ But, were it otherwise, upon the merits of the defendant's application to the trial court for the settlement of his bill of exceptions, it sufficiently appears from the averments of his own petition herein that the *ex parte* orders which he obtained

extending the time for the settlement of his proposed bill of exceptions were ineffectual and void as in violation of the provisions of section 1054 of the Code of Civil Procedure, which expressly provide, with relation to the preparation and settlement of bills of exceptions, that the time allowed therefor by the code shall not be extended beyond the period of thirty days without the consent of the adverse party.

With respect to the petitioner's final application, under section 473 of the Code of Civil Procedure, for relief from his default in preparing said bill of exceptions within the limited time allowed by law, no sufficient showing was made before the trial court to warrant the granting of such relief, nor would the refusal of the trial court to grant the same furnish any reason why this court should undertake to exercise any jurisdiction in the way of granting the relief prayed for by the petitioner herein.

Upon the second question presented herein it would seem to be clear that the petitioner's only possible relief from the adverse action of the trial court in refusing to settle his said bill of exceptions would have been by way of an application for a writ of mandate, for which he has not applied and for which no sufficient showing has been made in his said petition, even if the same could by any stretch of interpretation be held to constitute an application for such a writ.

The petitioner's application is denied.

Shenk, J., Waste, C. J., Curtis, J., Langdon, J., and Seawell, J., concurred.