[Civ. No. 6921.  Second Appellate District, Division One.—November 2, 1931.]

O. T. PERRINE, Appellant, v. FRANK P. COMSTOCK et al., Respondents.

Hibbard & Kleindienst for Appellant.

Lyon, Fleming & Robbins, E. B. Evans, *in pro. per.*, George W. Padgham, Thos. F. Hinds and Chandler, Wright & Ward for Respondents.

BISHOP, J., *pro tem.*—Appellant presents two appeals, both from orders denying him relief from his default in not preparing and serving a proposed bill of exceptions within time. Appellant having been unsuccessful in a trial had before the court without a jury, judgment in favor of the several defendants and against him was entered February 19, 1929. Notice of this entry was served upon appellant February 23d, and on February 26th he filed his notice of intention to move for a new trial. This last-mentioned notice was served upon the attorneys for defendants Comstock and Nyberg only, not upon any of the other twelve defendants in the case. Thereafter, March 20th, the motion for a new trial was made and denied, and notice of the order was served upon appellant March 23d. (He had filed his notice of appeal from the judgment, March 21st.) Under the code provisions, as then effective, appellant had ten days, after receiving notice of the entry of judgment, within which to prepare and serve a proposed bill of exceptions, except in so far as the proceedings on a motion for a new trial extended the time, ten days, from receipt of notice of the decision on the motion. (Sec. 650, Code Civ. Proc.) At most, therefore, appellant had until April 2d to prepare and serve a proposed bill. As to the defendants not served with his notice of intention, proceedings for a new trial were not pending (20 Cal. Jur. 103), and it may be that his time, so far as a bill of exceptions would affect them, expired March 5th. This we need not decide; we mention it only because it was the theory adopted by appellant in his various moves in the court below, and must be kept in mind, if we are to understand his maneuvers. For example, he served notice of motion, as early as March 27th, to be permitted, under section 473 of the Code of Civil Procedure, to order the preparation of the record on appeal by the alternative method. (Sec. 953a et seq., Code Civ. Proc.) This motion he abandoned at the time of hearing, expressing a desire to move instead for leave to prepare and present a bill of exceptions. Whatever motion was made

was denied without prejudice. Another motion, on notice, was made April 10th, asking that he be relieved of his default in not preparing and filing a bill of exceptions. This also was denied without prejudice. Meanwhile, March 27th, he had secured an order giving him until April 20th to prepare, serve and file a proposed bill. His next recorded move was not until April 23d, when another *ex parte* order extending his time was secured, the time named being May 23d. ■ This order was entirely ineffectual, for it was not made until after the expiration of the time which had been granted him. (*Lantz* v. *Vai*, (1926) 199 Cal. 190 [248 Pac. 665].) Moreover, if the order had been made April 20th, or before, it could not have extended the period beyond May 2d, a total extension of not more than thirty days beyond the ten days the statute gives, being the most the court was authorized to allow. (Sec. 1054, Code Civ. Proc.; *Keown* v. *California Pacific Realty Co.*, (1929) 207 Cal. 769 [279 Pac. 764].)

■ We find the appellant in default, then, in not having prepared and served a bill of exceptions, measuring his time by the most favorable yardstick, when, on May 16th, he makes his third motion for relief. This motion was based upon an affidavit which was entirely silent as to the reasons why no proposed bill had been prepared and served by May 6th, the date of the affidavit, but deals entirely with an attempt to excuse appellant's failure to know that he had failed to serve all the defendants with his notice of intention to move for a new trial. Were this failure excused, it still would not account for the absence of a proposed bill or for the lack of any showing that one was in the course of preparation. Moreover, there was no attempt to set out facts showing that, if allowed time to prepare a bill of exceptions, it would make possible the presentation of a meritorious appeal. This was necessary. (*Estate of Keating*, (1910) 158 Cal. 109 [110 Pac. 109].) The motion was properly denied and the order appealed from must be affirmed.

■ Still a further motion to be relieved of his default was made by appellant June 12th. Notice of this motion was limited in its terms to defendant Comstock. It was based on affidavits relating to matters, which, without exception, had taken place and were within the knowledge

of appellant or his counsel before the motion of May 16th was made and denied, but which were not alluded to in the affidavit filed in support of that motion. No excuse was offered for their first appearance on this the third making of the same motion nor was permission granted to remake it. The patient judge of the court below did not err in denying the motion. (*Victor Power & Min. Co.* v. *Cole,* (1909) 11 Cal. App. 497, 503 [105 Pac. 758].)

The two orders appealed from are affirmed.

Conrey, P. J., and Houser, J., concurred.