[Civ. No. 2761.   Third Appellate District.—November 10, 1923.]

## JAMES OUZOONIAN et al., Respondents, v. J. VAUGHAN et al., Defendants; JOHN DER BOGHOSIAN, Intervener and Appellant.

[1] APPEAL — MOTION TO DISMISS — ENTRY OF JUDGMENT BY TRIAL COURT—APPELLATE JURISDICTION.—On a motion to dismiss an appeal upon the ground that the purported appeal was not taken within the time prescribed by law, the appellate court cannot order the entry of judgment by the trial court.

[2] ID.—DELAY IN FILING NOTICE OF APPEAL—DISMISSAL.—An attempted appeal from a judgment in an action to quiet title and from an order settling the account of the receiver appointed therein will be dismissed where a period of over seven months elapsed from the time of the entry of the judgment to the date of the filing of the purported notice of appeal, and a period of nearly five months elapsed from the date of the making and filing of the order to the date of the filing of such notice of appeal.

[3] ID. — DELAY IN TAKING APPEAL — EVIDENCE — DISMISSAL. — On a motion to dismiss an appeal upon the ground that it was not taken within the time prescribed by law, where appellant admits that he has read the affidavit filed in support of such motion by respondents' counsel and that the same is true, and such affidavit plainly shows that, even if the judgment and the order really rendered and entered were, or either of them was, subject to appeal by appellant, the latter's appeal was too late, the appellate court must grant the motion to dismiss. (Opinion on denial of rehearing.)

[4] ID.—ABSENCE OF JUDGMENT—DISMISSAL.—An appeal does not lie from findings and conclusions of law; and an attempted appeal therefrom must be dismissed where the judgment thereon, if any, is not included in the record on appeal as originally presented or upon a suggestion of a diminution of the record. (Opinion on denial of rehearing.)

MOTION to dismiss an appeal from a judgment and order of the Superior Court of Fresno County. J. E. Woolley, Judge.   Appeal dismissed.

The facts are stated in the opinion of the court.

George G. Graham for Appellant.

E. C. Laughlin and M. F. McCormick for Respondent.

HART, J.—This is a motion to dismiss the appeal herein. The action was one for the quieting of the title to certain real property situated in Fresno County as against the defendants and also for the recovery of certain personal property. The complaint also asks for the appointment of a receiver to take charge of said real and personal property. The court appointed a receiver, and the latter, by virtue of the authority vested in him by the court, took possession of the real property and also certain personal property. The action grows out of a certain contract whereby the plaintiffs and the defendants agreed to exchange and sell to each other certain real and personal property. The agreement, among other things, provided that, immediately upon its execution, the defendants were to take possession of the premises exchanged or sold to them by the plaintiffs, and the complaint alleges that the defendants did take such possession. The agreement further provided that, in case of the violation by the defendants of certain of the covenants or conditions thereof, the plaintiffs should be at liberty to declare the agreement forfeited and that all payments theretofore made should be treated as liquidated damages and that the plaintiffs might enter said premises, "remove all persons therefrom, and be released in law as well as in equity to convey said premises." The appellant, by leave of the court, was permitted to intervene. The complaint in intervention alleges that the defendants, on the first day of June, 1921, and after the execution of the agreement above mentioned, borrowed from the intervener the sum of two thousand five hundred dollars, and gave their promissory note therefor, payable on or before two years after date, with interest from March 1, 1921, at the rate of seven per cent per annum; that, to secure the payment of said note, the defendants, on said first day of June, 1921, executed and delivered to the intervener a mortgage on fifty-five per cent of the crop of alfalfa, Thompson and Muscat grapes and raisins for the year 1921, and all other crops for the year 1922 grown and produced upon said premises. It is alleged in said complaint in intervention that said defendants "have failed, neglected and refused to pay the amount due on said note, or any part thereof, and that the same is now justly due and owing in full over and above all offsets of every

nature." The prayer of said complaint is that the intervener have judgment against the defendants and the plaintiffs for the possession of the crops raised on said premises for the year 1922, and that the mortgage of the intervener be foreclosed and that said crops be sold as provided by law and the money applied to the payment of said note.

The court's findings and judgment were in favor of the plaintiffs and against the defendants and the intervener. The notice of appeal, which was filed on the twenty-eighth day of June, 1923, by the intervener, states that the latter "appeals from the judgment of the trial court given in favor of the plaintiffs on the twenty-seventh day of June, 1923," and also appeals "from the order of the court made June 26, 1923," ordering and directing the moneys and property mentioned in intervener's complaint be paid and turned over by the receiver to the plaintiffs.

The defendants have not appealed, so far as this record shows.

The motion to dismiss is based upon the ground that the purported appeal was not taken within the time prescribed by law, and is supported by an affidavit made and filed by the attorney for the plaintiffs. From said affidavit it appears that the judgment in the action is dated November 29, 1922, and was filed and entered in the office of the county clerk on December 1, 1922; that no motion for a new trial in said cause was ever made, "and no other action or proceeding by defendants, or either of them, or of said intervener, was taken with respect to said judgment, except that defendants did, on January 20, 1923, give notice of appeal from said judgment and file the same in said court, and the said intervener did thereafter give his notice of appeal as hereinbefore stated; . . . ; that said notice of appeal is the one and only notice of appeal filed in this proceeding by said intervener." The affidavit further alleges that no order of the court by which said cause was heard and tried was entered on the twenty-sixth day of June, 1923, "but that there was an order and decree of said court settling the account of the receiver appointed therein and distributing the assets and property coming into the hands of said receiver, which order bears date January 30, 1923, and was filed in the office of the said County Clerk on said date; . . . ; that no appeal from said order has ever been

taken except the attempted appeal of the intervener by giving the notice hereinbefore referred to; that no other or subsequent order has been made respecting the property mentioned in intervener's complaint; that no judgment or order of any character has been made or entered by the trial court in said action subsequent to the thirtieth day of January, 1923; that no motion to set aside, modify or vacate said order has ever been made by any of the parties to this action; that the same has been at all times since the entry thereof in full force and effect.''

The appellant practically made no counter-showing. Indeed, in an affidavit made by his attorney in purported resistance to the motion to dismiss, he admits that the facts stated in the affidavit of the attorney for the respondents are true; but he complains in said affidavit that no judgment has ever been entered by the clerk ''on the findings of the court disbursing the funds in the hands of the receiver, dated January 3, 1923,'' and, further, that the judgment entered ''on the twenty-seventh day of June, 1923,'' does not dispose of or refer to the finding of the court that the intervener and the defendants are and each of them is barred from setting up or asserting or claiming title, etc., in or to any of the crops produced thereon (on the land in controversy) subsequent to the commencement of this action or any possession thereof adverse to the plaintiffs. He further states in his affidavit that he has ''many times requested respondents' attorney to get these judgments entered for this appeal and the County Clerk . . . refused in this case and refuses in all other cases to enter any judgment unless the same is first signed by the Judge trying the case.'' Upon these statements he asks this court to enter an order ''requiring the respondents to have a judgment entered on the findings of the court as hereinabove set out if the same shall be regarded necessary by this court to render complete justice to the appellant herein, and that said judgments be certified to this court by the County Clerk of Fresno County,'' etc.

[1] Obviously, the facts set out in the affidavit of the attorney for the appellant involve matters with which this court cannot concern itself. Nothing could be clearer than that this court in a proceeding of this character cannot order a judgment to be entered in a case. If an erroneous judg-

ment or a judgment which derives no support from the findings has been entered, the remedy for the correction of the same is by appeal properly taken therefrom.

[2] The fact is, however, that a judgment and an order were entered, but the difficulty confronting the appellant is that he allowed the time to pass for taking an appeal from either before attempting to do so. It will be noted that a period of over seven months elapsed from the time of the entry of the judgment until the date of the filing of the purported notice of appeal, and that from the date of the making and filing of the order from which the intervener attempts to appeal to the date of the filing of his notice of appeal a period of nearly five months elapsed. It follows that the attempt to appeal both from the judgment and the order was abortive. (Code Civ. Proc., secs. 939 and 953a.)

Accordingly, the appeal is dismissed.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 11, 1923, and the following opinion then rendered thereon:

HART, J.—Counsel for the intervener-appellant prefaces his petition for a rehearing of the above-entitled cause with the statement that this court, in its judgment dismissing the appeal herein, evidently went off on an erroneous understanding of "the matters contained in the record on appeal." We had no misunderstanding of what the record contained. [3] Indeed, counsel for the intervener himself stated in his affidavit resisting the motion to dismiss, that he had "read the affidavit of M. F. McCormick and that the same is true." Said affidavit was filed in support of the motion to dismiss and if the facts therein stated are true, then there was no alternative left to this court but to grant the motion to dismiss the appeal, for it is therein and thereby plainly shown that, even if the judgment and the order really rendered and entered were, or either of them was, subject to appeal by the intervener, the latter's appeal was too late. But it appears that the judgment referred to affected the rights of the defendants only and not the rights of the intervener. Moreover, as shown in the original opin-

ion, the judgment was rendered on the twenty-ninth day of November, 1922, and entered of record on the first day of December, 1922. If the intervener's rights had been affected by said judgment it is obvious, as pointed out in the former opinion, that his attempted appeal therefrom, on the twenty-eighth day of June, 1923, was too late and wholly nugatory. The order mentioned was made on the twenty-ninth day of November, 1922. If such order be appealable, and as to it the intervener was an aggrieved party, the attempted appeal was too late. Counsel, however, calls attention to findings and conclusions of law made by the court on June 23, 1923, whereby the court decided, and concluded, as a matter of law, that the intervener (appellant herein) is entitled to take nothing "by reason of his complaint in intervention," but, so far as the present record shows to the contrary, no judgment was ever rendered upon those findings and conclusions of law. [4] It is too obvious to require more than a mere statement of the proposition that an appeal does not lie from findings and conclusions of law or from either. But special emphasis is placed on section 939 of the Code of Civil Procedure as the same was amended by the legislature of 1915. (Stats. 1915, p. 205.) The particular provision of said section upon which counsel lays stress reads as follows: "No appeal, however, shall be dismissed on the ground that it was taken after the rendition of such judgment or order and before formal entry." We are unable to see what application said section has to the situation presented by the record before us. As stated, there was no judgment rendered upon the findings and conclusions of law filed on the twenty-third day of June, 1923, and which were the only findings and conclusions of law affecting the rights of the intervener or attempting to dispose of the claim made in his complaint in intervention.

It is not the duty of this court to point out the course which should be pursued in such circumstances, but it may not be improper to say that, if the court below has refused, and still refuses, to render a judgment upon the findings and conclusions of law made June 23, 1923, a ready remedy is available to the intervener for compelling the court to do so. Or, if in point of fact the court has rendered a judgment on said findings and conclusions of law, the same might have been included in the record here upon a sugges-

tion of a diminution of the record. The alleged failure of the clerk to enter the judgment which counsel intimates was rendered on the findings and conclusions of law made June 23, 1923, is, in view of the provision of section 939 of the Code of Civil Procedure, above quoted herein, a matter of no consequence, in so far as the right of the intervener to take an appeal from said judgment is concerned.

The petition for a rehearing is denied.

Plummer, J., and Finch, P. J., concurred.