[Civ. No. 4176. Third Appellate District.—February 17, 1931.]

H. O. ADAMS, Plaintiff, v. JOHN CHRISTOPHER et al., Defendants; D. E. BURGESS et al., Defendants and Interpleaders.

INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (a Corporation), Appellant, v. D. E. BURGESS, Respondent.

R. C. Pardoe for Appellant.

Hubert H. Briggs for Respondent.

JUSTICE Pro Tem. McDANIEL DELIVERED THE OPINION OF THE COURT.—All the parties above named excepting D. E. Burgess, denominated defendant and cross-complainant, respondent herein, and Indemnity Insurance Company of North America, defendant and appellant herein, have no further part in this litigation for the reason that they, by appropriate judgments, settlements and stipulations have disposed of their several controversies.

The appellant gave notice of appeal as follows:

"(Title of Court and Cause.)

"To the Honorable J. F. Pullen, Judge of said Superior Court, and to D. E. Burgess, Defendant and Interpleader in the above entitled action, and Hubert H. Briggs, his attorney:

"You, and each of you will please take notice that Indemnity Insurance Company of North America, a corporation, one of the defendants in the above entitled action, hereby appeals to the District Court of Appeal, Third Appellate District of the State of California, from that certain order made and entered in the above entitled cause in said Superior Court on the 5th day of May, 1930, overruling demurrer of defendant Indemnity Insurance· Company of North America, a corporation, to the pleading of defendant and interpleader D. E. Burgess in said action, and that the pleading of D. E. Burgess denominated cross-complaint, be treated as an independent, original complaint, and from the whole thereof.

"Dated: May 16th, 1930.

"R. C. PARDOE,

"Attorney for defendant Indemnity Insurance Company of North America, a corporation.

."Service of the within Notice of Appeal by copy is hereby admitted this 16th day of May, 1930.

"HUBERT H. BRIGGS, per C. DUBOIS,

"Attorney for D. E. Burgess, Defendant and Interpleader.

"Endorsed Filed May 16–1930 Harry W. Hall, Clerk by W. H. Young, Deputy."

There seem to have been two orders exactly alike made by the trial court on May 5th, the only difference being that in the first order the names of all of the parties defendants and interpleaders were not set out in full but in abbreviated form.

There is a written stipulation signed by the attorneys for the two remaining respective parties, whereby they agree that the name McIntosh may be stricken, as he was not a party to the pleading of said Burgess and the name of John Christopher be substituted. This stipulation was not followed by any order of the court correcting the order or orders of May 5th, but it is immaterial, as neither Mc-

Intosh nor Christopher is attempting to appeal. The said order of May 5th, from which the appeal is sought to be taken was not followed by any judgment, as the clerk's transcript shows. No judgment is referred to in the order.

 Our law does not authorize an appeal from an order overruling or sustaining a demurrer. The rulings on demurrer are reviewable, however, on appeal from the judgment itself. (*Harmon* v. *Turk*, 176 Cal. 761 [169 Pac. 680]; 2 Cal. Jur. 156, and cases cited in note 10; sec. 963, Code Civ. Proc.; *Garroway* v. *Jennings*, 189 Cal. 97 [207 Pac. 554].) Neither will an appeal lie from an interlocutory order, like an order directing that the cross-complaint of respondent shall be considered and treated as an independent pleading. (2 Cal. Jur. 157, and notes.) Interlocutory orders not enumerated by the code are not appealable. (*Lantz* v. *Vai*, 199 Cal. 190 [248 Pac. 665]; sec. 963, Code Civ. Proc.)

 The appellate court has no jurisdiction to hear the appeal where the order is not appealable. (*Ouzoonian* v. *Vaughan*, 64 Cal. App. 369 [221 Pac. 958]; *Hughes* v. *DeMund*, 70 Cal. App. 265 [233 Pac. 93].)

It is ordered upon our own motion that this appeal be and it is hereby dismissed.