[L. A. No. 12724. In Bank.—March 26, 1931.]

ALICE D. MOFFITT, Respondent, v. FORD MOTOR COMPANY (a Corporation) et al., Appellants.

Lucius K. Chase, Chase, Barnes & Chase, Hardy, Elliott & Aberle, Joe Crider, Jr., Harry D. Parker, George L. Greer, Dave F. Smith, Guy B. Graham, George H. Moore and Gerald O.'C. Egan for Appellants.

Mott, Vallee & Grant and Benjamin M. Stansbury for Respondent.

SEAWELL, J.—This is a motion to dismiss defendants' appeal taken from an order granting a new trial. Said order was made after entry of a judgment of nonsuit in favor of defendants at the close of plaintiff's opening statement to the jury. Plaintiff contends that said order is nonappealable. Section 963, subdivision 2, of the Code of Civil Procedure provides that an appeal may be taken from an order granting a new trial only "in an action or proceeding tried by a jury where such trial by jury is a matter of right". Plaintiff's action was brought to recover damages for per-

sonal injuries alleged to have resulted from the negligence of defendants, and hence was an action in which she was entitled to trial by jury as a matter of right. (Sec. 592, Code Civ. Proc.) Her argument upon this motion to dismiss is that an action or proceeding cannot be said to have been "tried by a jury" where the jury has returned no verdict, but the only determination made in the case is a judgment of nonsuit rendered by the court at the close of plaintiff's opening statement.

Defendants' contention is that an action is "tried by a jury" within the meaning of said section where proceedings are commenced before a jury impaneled and sworn to try the case, although the disposition thereof may involve the granting of a nonsuit or directed verdict because the evidence as a matter of law is insufficient to sustain a judgment for plaintiff, or the granting of a nonsuit upon plaintiff revealing the weakness of his case in his opening statement to the jury. We are of the view that *Estate of Baird,* 195 Cal. 59 [231 Pac. 744, 746], relied upon by defendants, sustains their contention. In that case the trial court had submitted issues raised upon a petition for partial distribution to the jury, which had returned a verdict for the petitioner. This court was of the view that the evidence as a matter of law required a decision against petitioner and that it would have been proper for the trial court to have granted a nonsuit or directed verdict against said petitioner. We therefore directed the trial court to enter judgment denying the petition for partial distribution. From the judgment entered in the trial court in pursuance of the order of this court, the trial court granted a new trial. In holding the order granting a new trial appealable this court said:

"Respondents contend that . . . the proper construction to be placed on section 963, Code of Civil Procedure, is that what is meant by an action or proceeding tried by a jury is a trial by jury under the direction of the court subject to existing laws, one of which is that the trial court has the power in such a case as this to direct a verdict, and, although the verdict is rendered under the direction of the court, it is, nevertheless, a proceeding tried by a jury.

"The petitioner, on the other hand, argues that 'it is perfectly manifest from the statute that what is meant by

a trial by jury is that instance in which a verdict having been rendered in favor of a party and judgment entered thereon in his favor and the court below, at the instance of the other party, sets aside that judgment and verdict and grants a new trial, that the right of appeal exists in favor of the person in whose favor the verdict was rendered. . . . '

"To give the provision 'tried by jury' in section 963 of the Code of Civil Procedure the interpretation contended for by petitioner would have the effect of giving a narrow and restricted meaning to the language of the section. . . .

"What is meant by section 963 of the Code of Civil Procedure is that there cannot be an appeal from an order granting a new trial unless there has been a trial by jury as distinguished from a trial by the court without a jury or in an equity proceeding."

In said case this court repudiates a construction of section 963 which would allow an appeal from an order granting a new trial only where the determination set aside by said order is based upon a jury verdict. That the court would have found the order appealable if the judgment had been entered upon a verdict directed by the trial court rather than by the order of this court, is indicated by the following quotation: "There is no merit in petitioner's contention that even in a case where the verdict is directed by the trial court no appeal can be taken from an order granting a new trial."

For the purposes of the problem before us, the same effect must be given a judgment of nonsuit as a judgment entered upon a directed verdict. ■ A judgment upon a directed verdict, no less than a judgment of nonsuit, is the decision of the court rather than of the jury. (*Estate of Sharon,* 179 Cal. 447 [177 Pac. 283]; *Gaskill* v. *Pacific Electric Ry. Co.,* 30 Cal. App. 593 [159 Pac. 200]; *Umsted* v. *Scofield Engineering Const. Co.,* 203 Cal. 224 [262 Pac. 799]; *Engelberg* v. *Sebastiani,* 207 Cal. 727 [279 Pac. 795].) In interpreting the meaning of section 963 no reasons exist for distinguishing the cases disposed of by the court through the procedure of a directed verdict from those determined by nonsuit. Nor can a distinction be drawn between cases in which the nonsuit is granted upon evidence and those in which it is granted upon the opening statement to the jury.

Plaintiff argues that the Baird case does not establish the

rule to be applied herein for the reason that in the Baird case the jury had actually returned a verdict upon issues submitted to it, which is not the case where a nonsuit is granted in the trial court. But the verdict of the jury had been overthrown by the order of this court directing judgment to be entered contrary thereto, and the judgment from which a new trial was granted in that case, as in the proceeding now before us, was not entered upon a jury verdict. We are of the view that an action or proceeding is "tried by a jury" within the meaning of section 963 of the Code of Civil Procedure, although in the course of the proceedings before the jury it may become proper for the court to render the judgment in the case.

The motion to dismiss the appeal is denied.

Shenk, J., Richards, J., Curtis, J., Langdon, J., Preston, J., and Waste, C. J., concurred.