[Civ. No. 7945. Second Appellate District, Division One.—February 17, 1932.]

ROBERT G. GILLIS, as Receiver, etc., Respondent, v. MARK C. BLOOME, et al., Appellants.

28

Cooper & Collings for Appellants.

C. P. Von Herzen and Frank M. Willcox for Respondent.

CONREY, P. J.—This motion to dismiss an appeal by defendants from an order denying their motion to vacate and set aside an order granting a motion for a new trial (made after entry of a judgment of nonsuit in favor of the defendants) is made upon the ground that "the appeal attempted to be taken is from an order which is not appealable".

When this motion to dismiss appeal was first made we denied it (117. Cal. App. 247 [4 Pac. (2d) 199]) on the supposed authority of *Moffitt* v. *Ford Motor Co.*, 212 Cal. 73 [297 Pac. 553]. We granted a rehearing because we were convinced of error in our application of that decision to the facts of this case.

In the Moffitt case it was held that there was a right of appeal from an order granting a new trial, when it was shown by the record that at the trial a jury had been impaneled and sworn, although the court granted the nonsuit following plaintiff's opening statement to the jury and without receiving any evidence. But in the present case

it appears that the trial, in which the nonsuit was granted, was before the court without a jury. There is no right of appeal from an order granting a new trial, other than "in an action or proceeding tried by jury where such trial by jury is a matter of right". (Code Civ. Proc., sec. 963; *Dean* v. *Midland Farms Co.*, 96 Cal. App. 214 [274 Pac. 71].) This is conceded by appellants.

█ On the argument here, counsel for appellants insisted that the record here is not limited to the question of right of appeal from the order granting a new trial. They say that the court was without jurisdiction to grant a new trial where the judgment was one of nonsuit (citing *Estate of Baird*, 198 Cal. 490, 503, 504 [246 Pac. 324]); and insist that the order of the court when it granted the motion for new trial was in reality an order setting aside and vacating the judgment of nonsuit, and that the order from which they are now appealing is an order denying their motion to set aside that order setting aside the judgment of nonsuit. And they contend that they have a right of appeal from such order, which they claim is appealable as an order made after final judgment, other than a mere order granting a new trial.

The record shows that the plaintiff gave notice of intention to move "to vacate and set aside the decision heretofore made herein, and to grant plaintiff a new trial in said action". The court's order made on presentation of that motion was as follows: "Plaintiff's motion for a new trial having been submitted, is now by the court granted. Judgment of nonsuit is set aside. Further trial granted as to defensive matter." This was, we think, merely an order granting a new trial. Its incidental effect would be to set aside the judgment, and the statement of that fact added nothing to the order. It being conceded, as necessarily it must be, that there was no right of appeal from the order granting a new trial, it follows that there was no right of appeal from a necessary element, or incidental consequence, of that order. █ And it is settled, that "where the original judgment or order is not the subject of appeal it cannot be made reviewable by the device of moving to set it aside and appealing from the order denying the motion. (*Estate of Keane*, 56 Cal. 407; *Harper* v. *Hildreth*, 99 Cal. 265 [33 Pac. 1103].) And even where there is a right of

appeal from a judgment or order, a party cannot ordinarily take an appeal from a subsequent order denying a motion to vacate the judgment or order complained of.'' (*Title Ins. & Trust Co.* v. *California Dev. Co.,* 159 Cal. 484, 487 [114 Pac. 838, 839].)

*Estate of Baird,* 198 Cal. 490 [246 Pac. 324], is cited and relied upon by appellants, as a foundation for their contention that there is a right of appeal in this case. That part of the decision quoted by them relates only to the matter of the right of the trial court to grant a new trial on the ground of insufficiency of the evidence to support a judgment of nonsuit. It appeared that pursuant to the decision of the Supreme Court on a former appeal in the same case (193 Cal. 225, 290 [223 Pac. 974]), the superior court entered a judgment, which judgment the Supreme Court later (198 Cal. 490, 503 [246 Pac. 324]) considered as being, for stated reasons, ''in reality a judgment of nonsuit''. After entry of that judgment the superior court granted to the petitioner (plaintiff) a new trial, partly upon the ground that the court did not believe the testimony of certain witnesses for respondents (appellants). It was in the course of its decision on the appeal from the said order granting a new trial that the Supreme Court, after characterizing the order as one granting a new trial after judgment of nonsuit, declared (198 Cal. 490, at pp. 503, 504 [246 Pac. 324]) that a judgment of nonsuit does not rest for its validity upon any evidence produced by the party in whose favor the nonsuit is granted. Therefore, said the court, it was improper for the trial court to set aside its judgment on account of the reason that the *defendant's* witnesses were unworthy of belief. It was in the light of the record thus considered that the Supreme Court said that ''it was an abuse of discretion on the part of the trial court for it to grant a new trial herein on the ground of insufficiency of the evidence'' to sustain the nonsuit. But in all of this we find nothing to aid, or related to, the contention of appellants here that they had a right of appeal from the order granting motion for new trial and setting aside the nonsuit, or that they have a right of appeal from the order denying their own motion. The several trials (after the first) in the Estate of Baird case were jury trials, it having been determined by the first appeal that there was a right of trial

by jury in that case. It was, therefore, a case in which, after a jury trial, there would be a right of appeal from an order granting a motion for new trial.

The motion to dismiss the appeal is granted.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 17, 1932.