[Civ. No. 8782.   Second Appellate District, Division One.—September 19, 1933.]

HARRY CHRISTENSEN, Appellant, v. LUCERNE HOLD-ING COMPANY (a Corporation) et al., Respondents.

Harry T. Young and Fred H. Luth for Appellant.

Hulme, Hastings, Bartlett & Bridges for Respondents.

HOUSER, J.—From the record herein it appears that in due course of proceedings had in an action pending in the superior court respective orders were entered in the minutes of the court by which the separate demurrer to the complaint presented by each of the defendants therein was sustained "without leave to amend"; upon which orders a formal judgment was made and entered as to one defendant, on September 13, 1932, and as to the other two defendants, on September 19, 1932; also, that before said judgments were made and entered, a motion presented to the court by the plaintiff for an order to vacate and set aside "the order and judgment . . . sustaining the demurrers of the defendants . . . ; to enter its order overruling the said demurrers; or that plaintiff be given leave to file an amended complaint"—was denied.   It also appears that prior to the making and entry of the judgment on the orders by which the

separate demurrer of each of two of the said defendants was sustained, but after the making and the entry of the judgment on a similar order affecting the third defendant, plaintiff served and filed his notice of appeal "from the judgment and order of said court made and entered on the 19th day of July, 1932, sustaining the demurrers of the [two] defendants, Lucerne Holding Company, a corporation, and K. S. Littlejohn, without leave to amend, the order of said court made and entered on the 28th day of July, 1932, denying said plaintiff's motion for permission to amend, the judgment and order of said court made and entered on the 8th day of September, 1932, sustaining the demurrer of the [third] defendant, Albert A. Comey, sued in said action as John Doe, without leave to amend, and from the whole of said judgments and orders".

Following the filing by plaintiff in this court of the transcript on appeal and his opening brief, the defendants presented their instant motion to dismiss each of said appeals on the ground "that said appeals were, and each of them was, taken from nonappealable orders and that said judgments and orders are not appealable".

Notwithstanding the existence of certain authorities which in general terms may indicate the propriety of a contrary rule, the following cases, with authorities therein respectively cited, are directly in point to the effect that an order sustaining a demurrer without leave to amend is not appealable: *Sahakian* v. *City of Los Angeles*, 91 Cal. App. 737 [267 Pac. 571]; *Cornic* v. *Stewart*, 179 Cal. 242 [176 Pac. 164]; *Worth* v. *Witt*, 62 Cal. App. 134 [216 Pac. 90]; *Milburn* v. *Kennedy*, 105 Cal. App. 408 [287 Pac. 980].

And the authorities of this state also agree on the principle of law that, since an order by which a demurrer is sustained without leave to amend is not appealable, a succeeding order by which the vacation of the former order is denied is likewise nonappealable. (*Harper* v. *Hildreth*, 99 Cal. 265, 269 [33 Pac. 1103]; *Ferry* v. *O'Brien*, 63 Cal. App. 620, 623 [219 Pac. 467]; *Gillis* v. *Bloome*, 121 Cal. App. 27, 29 [8 Pac. (2d) 905].)

The motion is granted and the appeals are dismissed.

Conrey, P. J., and York, J., concurred.