[Civ. No. 6695.   Third Dist.   Mar. 12, 1942.]

Estate of S. S. MURPHY, Deceased.   LULA MIGNON MURPHY, Appellant, v. W. S. KENDALL, as Executor, etc., Respondent.

Lula Mignon Murphy, in pro. per., for Appellant.

John R. Cronin for Respondent.

HELD, J. pro tem.—There is here an appeal from an order refusing appellant's petition for letters of administration, from an order refusing to vacate the order just referred to, from the findings of fact, and from an order refusing to vacate an order denying appellant's application for substitution of parties.

Orders appealable in probate are those designated in section 1240, Probate Code. That section, taken with subdivision 3, section 963, Code Civ. Proc., determines the right of appeal in probate matters. (*Estate of Olmstead,* 216 Cal. 585 [15 Pac. (2d) 495] ; *Estate of O'Dea,* 15 Cal. (2d) 637 [104 Pac. (2d) 368].) The order refusing to grant letters of administration is one of those mentioned in section 1240, Probate Code, and an appeal therefore lies therefrom. None of the other orders from which appellant purports to appeal here are designated in that section.

It has been expressly held that there is no appeal from findings of fact. (*Muchenberger* v. *City of Santa Monica,* 206 Cal. 635, 636 [275 Pac. 803] ; *Ouzoonian* v. *Vaughan,* 64 Cal. App. 369 [221 Pac. 958] (on rehearing) ; *Mardesich* v. *City of Los Angeles,* 113 Cal. App. 143 [298 Pac. 72].) Nor is there an appeal from an order refusing to vacate a final judgment, when the grounds upon which the order is sought existed before the entry of judgment, and were therefore available on appeal from the judgment. (*Nagelmann* v. *McIntyre,* 27 Cal. App. (2d) 621 [81 Pac. (2d) 466] ; *Lawson* v. *Guild,* 215 Cal. 378 [10 Pac. (2d) 459].) As was said in *People* v. *Palmer,* 49 Cal. App. (2d) 579 [122 Pac. (2d) 114].) ''It also is well established that an order made after judgment is not appealable where the motion or application merely asks the court to repeat or overrule the former ruling on the same facts.'' Nor, does an appeal lie from an order

refusing to vacate an order itself not appealable. (*Christensen* v. *Lucerne Holding Co.*, 134 Cal. App. 215 [25 Pac. (2d) 261].) The purported appeal arising out of the motion to substitute parties is, therefore, ineffective.

Where an appeal does not lie, the appellate court has no jurisdiction to entertain the same, and may dismiss it on its own motion. (*Adams* v. *Christopher*, 112 Cal. App. 37 [296 Pac. 85].)

There remains, therefore, to be considered the appeal from the order refusing to grant appellant's petition for letters of administration.

The record here discloses that S. S. Murphy died on February 5, 1936, and left surviving a widow Alice K. Murphy, and appellant, Lula Mignon Murphy, a daughter by a former wife. Alice K. Murphy has since died, and respondent W. S. Kendall was appointed administrator of her estate.

On March 13, 1911, appellant instituted an action against her father, alleging in the complaint that she was a poor person, afflicted with disease, and unable to work to support herself, and that her father was financially able to contribute to her support. Judgment was rendered in that action on March 21, 1912, directing S. S. Murphy to pay to appellant herein the sum of $15.00 per month from January 5, 1912. In her efforts to realize on this judgment, the daughter instituted several actions prior to the death of her father. A history of the litigation is set forth in the decision of this court in *Murphy* v. *Riecks*, 40 Cal. App. 1 [180 Pac. 15].

Following the death of her father, appellant sought recourse against his estate, in her efforts to recover on the judgment aforesaid. The first action was one instituted on June 24, 1936, against Alice K. Murphy, as administratrix of his estate. It appearing, however, that defendant therein had not been appointed as administratrix, that action was abandoned. Thereupon, appellant, on August 3, 1936, filed a petition praying that Alice K. Murphy be appointed administratrix. She filed a similar petition on January 20, 1938, but the record fails to disclose what disposition was made of either petition. However, on August 10, 1938, appellant filed still another petition, again seeking the appointment of Alice K. Murphy as administratrix. In that proceeding, Alice K. Murphy appeared and declined to accept appointment as administratrix, and filed objections setting forth that S. S. Murphy left no estate, and also that he left a last will and

testament, which was then placed on file with the clerk of the court. After a hearing, the court, on September 6, 1938, denied appellant's petition. No appeal was taken from this order. On December 12, 1938, appellant filed a petition seeking her own appointment as administratrix of her father's estate, in which was alleged the denial of the last prior petition, the execution of the will, and that said will was the product of undue influence exerted upon the deceased by Alice K. Murphy. The latter appeared by motion to strike from the files the pleading of appellant last referred to. This motion was granted by the court on April 24, 1939. On May 1, 1939, appellant filed a petition praying the admission of said will to probate, and three days later filed a contest of said will on the ground of undue influence. On June 21, 1939, appellant's petition for probate of the will was denied by the court, without prejudice. The reason for such denial does not appear in the record. However, on June 27, 1939, appellant filed her petition praying that the court vacate the order of June 21, 1939, and, on June 30, 1939, she filed an unverified petition for the issuance of letters of administration to herself; and on July 10, 1939, said petition was amended by the addition of a verification. On the same date, the court vacated its order of June 21, 1939. On October 20, 1939, respondent W. S. Kendall, as executor of the will of Alice K. Murphy, deceased, filed objections to the issuance of letters of administration to appellant. On November 10, 1939, a hearing was had on the petition of appellant and the objection of respondent. After the evidence was taken, the petition was denied by the court on that day. On December 6, 1939, findings were filed, and on December 7, 1939, judgment was entered denying appellant's petition for letters of administration. Prior to the filing of findings and the entry of judgment, the appellant, on November 15, 1939, gave notice of motion, accompanied by supporting papers, to vacate the order of November 10, 1939. After the findings were filed, and the judgment entered, appellant amended the supporting papers, and also added thereto a motion to strike portions of the findings. On December 19, 1939, the court ordered an amendment of the findings, and on December 27, 1939, denied appellant's motion to vacate the order of November 10, 1939.

The petition for letters of administration having been met with an allegation that there was an existing will, the trial

court, at the time of entering upon the hearing of November 10, 1939, and before the taking of testimony, in accordance with the rule laid down in *Estate of Edwards,* 154 Cal. 91 [97 Pac. 23], that "It is more orderly to postpone the hearing of an application for intestate letters until it be determined whether a known will is or is not valid and admissible to probate," suggested suspension of the proceedings on the petition for letters of administration until a determination as to the validity of the will had been had. As an alternative, the court suggested that if jurisdiction were not involved, and if the petitions on file collectively presented the issue of validity of the will, the matter could, by stipulation of counsel, be heard in the trial then about to begin. Such a stipulation was entered into, and the court proceeded to hear the evidence. Formal proof of the execution of the will was made. Appellant then produced evidence in support of her allegations of undue influence. Respondent also produced evidence on the issue; and, on contradictory evidence, the court found the allegations of undue influence to be untrue, and found, also, that the will was valid in every respect; that it was the last will of deceased, and regularly and duly executed according to law. As a conclusion from these facts, the court determined that the petition of appellant should be denied. The judgment from which an appeal is taken was thereupon entered.

The record upon which the court is now called upon to determine the sufficiency of the evidence to justify the decision of the lower court is brought here by bill of exceptions. This document is authenticated by the certificate of the trial judge, which certificate recites in part that "the foregoing, referred to as a bill of exceptions, contains excerpts from the evidence adduced at the trial." Confronted by the fact, as appears from this certificate, that the record does not contain all the evidence taken on the trial, we must presume that had the complete record been brought before this court, it would appear therefrom that the evidence would justify the findings upon which the order appealed from is based. (*Foster* v. *Young,* 172 Cal. 317 [156 Pac. 476].)

However, we have carefully examined the evidence which is included in the bill of exceptions, and we find therein not the slightest indication that the beneficiary of the will attempted to influence the testator in its execution; indeed, it does not even appear that she had knowledge of the exis-

tence of the document prior to the death of her husband. There is some evidence given by appellant that the relations between herself and Mrs. Murphy were not harmonious, but whether this situation influenced the testator in disposing of his property, and if so, to what extent, was a question for the trial court. At the most, there was a conflict of evidence, on which the finding of the trial court is final, if reasonably supported. (*Homer Laughlin E. Corp.* v. *J. W. Leavitt & Co.,* 116 Cal. App. 197 [2 Pac. (2d) 511].)

The appeals from the findings of fact, from the order denying the motion to vacate the order refusing to grant letters of administration to appellant, and from the order denying appellant's motion to vacate the denial of her application for substitution of parties, are each dismissed. The order refusing to grant letters of administration to appellant is affirmed.

Thompson, Acting P. J., and Tuttle, J., concurred.

A petition for a rehearing was denied April 11, 1942, and appellant's petition for a hearing by the Supreme Court was denied May 8, 1942.