## SOL BURSTEIN, Appellant, v. JOSEPH ZELMAN, Respondent.

Arthur Wasserman for Appellant.

No appearance for Respondent.

ASHBURN, J.—The appeal in this case was dismissed by this court for want of a supporting record ((Cal.App.) 3 Cal. Rptr. 446); in footnote 1 of the opinion the contents of the record were enumerated. The Supreme Court granted a hearing and a motion of appellant to augment the record by including a certified copy of the findings of fact, conclusions of law and the judgment; the cause was thereupon retransferred to this court.

Approaching the matter on the merits we now find ourselves confronted with findings which in the main declare the allegations of the pleadings to be true or untrue, but the record does not yet contain any copy of the pleadings. Pursuing our

newly conferred role of *parens patriae* we have consulted the original superior court file (rule 12 of Rules on Appeal) and placed ourselves in position to decide the cause upon the merits.

Respondent has filed no brief and the matter is submitted under rule 17(b) of the Rules on Appeal.

The action appears to be one brought by a partner against another partner for contribution of the defendant's proportionate share of partnership losses as ascertained after termination of the partnership.

The cause resulted after a first hearing in a holding that the firm had suffered losses aggregating $22,073.64, and that defendant's share of same was 27 per cent or $5,959.71, for which amount judgment was rendered against him. After hearing defendant's motion for new trial the trial judge correctly concluded that the partners' right of contribution rests upon an actual payment made by one joint obligor in excess of his share (Civ. Code, § 1432; 12 Cal.Jur.2d, §5, p. 523; *Jackson* v. *Lacy*, 37 Cal.App.2d 551, 559 [100 P.2d 313]; *Goldring* v. *Chudacoff*, 15 Cal.App.2d 741 [60 P.2d 135]) and, as there was no evidence in the record to sustain a finding that plaintiff had paid partnership losses in excess of his share, the court, instead of granting a new trial, vacated the findings and judgment previously made and reopened the case for "introduction of additional evidence on the sole issue of the amount, if any, paid by the plaintiff on the partnership losses."

Such a hearing was held and the court then found "that the defendant's share was 27%, and . . . that the net operating loss of the partnership was $22,073.64, and that the plaintiff took over the assets of the partnership upon dissolution without any winding up of the partnership affairs;" also "plaintiff has paid nothing toward liquidating the partnership obligations to the creditors other than the partners." These findings led to the conclusion and judgment that plaintiff recover nothing.

Plaintiff-appellant contends there was an abuse of discretion in reopening the case on a single issue and then departing therefrom, canvassing additional issues and deciding the case upon those new issues of which plaintiff was not apprised in advance. Counsel says: "The case was re-opened solely to determine whether or not the creditors of the partnership had been paid." The record does not support this assertion. The trial judge's memorandum explained the theory of the ruling and stated that the reopening should be "for the sole purpose of taking evidence as to what amounts, if any,

the plaintiff has paid on the partnership losses in excess of his share thereof.'' The language of the formal order fairly bears this same construction and no other. The effort at the second hearing was to ascertain whether plaintiff individually had paid more than his share, 50 per cent, of the partnership debts, and the evidence of which appellant complains was directed to that end. The finding was: '' [T]hat the plaintiff took over the assets of the partnership upon dissolution without any winding up of the partnership affairs. . . . [T]hat the plaintiff has paid nothing toward liquidating the partnership obligations to the creditors other than the partners.'' Appellant's point is not well taken.

Next it is argued that this is a situation in which defendant-partner was obligated to pay a share, 27 per cent, of the losses, and that *Kovacik* v. *Reed,* 49 Cal.2d 166 [315 P.2d 314], is not controlling. We agree, but that does not further the appeal for the judgment does not rest upon the theory of that case. It is there held (p. 169) that in cases where one partner contributes money capital against skill and labor of the other, neither party is liable to the other for contributions for any loss sustained; this of course presupposes there is no express or implied agreement to the contrary. Here it was found upon substantial evidence that the following allegation of the complaint is true: ''Under and by virtue of the terms of said copartnership agreement plaintiff, defendant and said MORTON SAMET were to divide the profits of said copartnership business and were to bear the losses thereof as follows, to-wit: Sol Burstein 50% Joseph Zelman 27½% Morton Samet 22½%,'' except that defendant's share was 27 per cent.

In the trial judge's explanatory memorandum it is said: ''Whereas the partnership was apparently dissolved on November 30, 1956, it was not wound up, and the plaintiff merely took over the assets of the partnership as they existed at the time of the dissolution and continued the operation of the business for a time. There is no evidence of the amount received by the plaintiff in disposing of the inventory on hand at the time of the dissolution of the partnership on November 30, 1956.

''In the absence of proof of 'the sums actually paid' by plaintiff 'toward liquidating the partnership obligation(s)' at the time of the dissolution, the plaintiff is not entitled to judgment against defendant for contribution based on evidence only of a profit and loss statement which merely shows a net operating loss of the partnership.''

It is contended that "[t]he findings that partnership liabilities were not satisfied and that plaintiff suffered no damages are not supported by the evidence." Counsel relies upon the following testimony of plaintiff: "Q. BY MR. WASSERMAN: It sets forth several items of expense. Could you tell us whether you know of your own knowledge if they have been paid? A. They have been. Q. All of them? A. Every one of them." But it developed on further questioning that plaintiff merely took over the business, operated it, paid out various sums until he lost the business. There is nowhere any showing of an amount that plaintiff paid out of his own funds in discharge of any portion of the $22,073.64 loss. *Non constat* but what 90 per cent or 95 per cent was paid out of partnership funds. Plaintiff testified on cross-examination: "Q. In other words, it was paid out of the partnership funds, is that what you are telling us? A. It was paid out of—well, partially and partially out of my own funds that I had to make up for the losses subsequent to the partnership, termination of partnership. I had to pay it out of my own funds." Also: "THE COURT: Let me ask, what actually happened after November 30, 1956, was that you continued the operation of this Farmdale Food Distributors under the same or some other name, by yourself or with somebody else? THE WITNESS: By myself. THE COURT: You just continued the same operation? THE WITNESS: I continued—tried to get out as best as I could and I paid up all these creditors. THE COURT: Are you still operating? THE WITNESS: No. I lost the business. THE COURT: You say you continued operating it by yourself and thereafter it was terminated? THE WITNESS: That's right." Plainly there is no showing of a right in plaintiff to recover contribution from his partner, the defendant.

The appeal purports to be taken from (a) order of June 17, 1958, vacating the judgment, (b) order of September 29, 1958, (c) judgment entered on October 21, 1958, in favor of defendant, and (d) order of December 1, 1958, denying plaintiff's motion for new trial. The order of September 29, 1958, is a minute order directing judgment in favor of defendant and directing counsel for defendant to prepare findings and judgment; of course it is not appealable. An order denying a motion for new trial in a civil case is not appealable (3 Cal.Jur.2d, § 62, p. 500). The order of June 17, 1958, vacating the findings and judgment theretofore entered and reopening the cause "for further proceedings and further introduction of additional evidence on the sole issue of the

amount, if any, paid by the plaintiff on the partnership losses,'' is not an appealable order. (*Kelly* v. *Sparling Water Co.*, 52 Cal.2d 628, 632 [342 P.2d 257].) It is reviewable and has been reviewed upon the appeal from the new judgment, the one entered on October 21, 1958.

The purported appeal from orders of June 17, 1958 and September 29, 1958, and from order of December 1, 1958, denying plaintiff's motion for new trial, is dismissed.

The judgment is affirmed.

Fox, P. J., and Kincaid, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 10, 1960.

*Assigned by Chairman of Judicial Council.