[Civ. No. 6412. Fourth Dist. Aug. 17, 1960.]

HAROLD EDELSTEIN, Respondent, v. HARRY PON et al., Defendants; IMPERIAL IRRIGATION DISTRICT, Appellant.

Horton, Knox & Carter and James H. Carter for Appellant.

Robert E. Rosskopf for Respondent.

GRIFFIN, P. J.—In this action plaintiff and respondent obtained a decree quieting title to five parcels of real property in Imperial County as against the defendant and appellant Imperial Irrigation District which appeals from the decree but apparently urges the application of the appeal only as to Parcels 2 and 4. As to the other party defendants the matter was disposed of prior to trial.

In the complaint plaintiff claimed fee title to all five parcels set forth in the decree. Appellant district claimed a flooding easement for the Salton Sea over all those portions of the five parcels located below the "minus 220-foot contour level." In

appellant's opening brief the appeal is confined to Parcels 2 and 4, conceding that plaintiff did show a better title to Parcels 1, 3 and 5. All parties agreed that the common source of title to Parcels 2 and 4 was in one Conover. He acquired title to Parcel 2 in 1919 under the name of *C. R.* Conover (Exhibit 15) and Parcel 4 in 1920 as *Clarence R.* Conover (Exhibit 16). The evidence as to the chain of title is entirely documentary. On October 18, 1950 *C. R.* Conover deeded a portion of Lot 4 to one Lemuel G. Davis and wife (Exhibit 6). On November 13, 1953, a death certificate of *Clarence* Conover was recorded, with the recitation that the informant was "Hazel L. Conover—daughter" (Exhibit 8). Defendants offered in evidence (Exhibit A) a deed indicating that on April 25, 1956, after the date of the death certificate, Clarence R. Conover deeded Parcels 2 and 4 to one Harry Pon. On August 15, 1957, Pon gave an easement deed to the appellant district of all of Parcels 2 and 4 below the "minus 220-foot contour" (Exhibit E). On March 4, 1958, a quitclaim deed was executed by Hazel L. Conover to plaintiff conveying all of Parcels 2 and 4 (Exhibit 1). On March 6, 1958, a quitclaim deed was executed from Mildred Genevieve Goodman to plaintiff of all of Parcels 2 and 4 (Exhibit 2) and a quitclaim deed of April 8, 1958 (Exhibit 7) from Lemuel G. Davis and wife to plaintiff of a portion of Parcel 4 as described in Exhibit 6.

On March 24, 1959, a decree of distribution in the estate of *Clarence R.* Conover, deceased, was granted which was received in evidence (Exhibit 3) distributing Parcels 2 and 4 (except portions in Davis deed) to plaintiff, affirming the deeds from Hazel L. Conover and Mildred Genevieve Goodman to plaintiff and finding them to be the sole heirs of Clarence R. Conover, deceased.

Appellant claims title under the one deed (Exhibit E) from Pon, who claimed under one deed from "Clarence R. Conover" (Exhibit A).

Appellant contends the finding of title in plaintiff is not supported by sufficient evidence, citing such authority as *Strickland* v. *Humble Oil & Refining Co.,* 140 F.2d 83, and *Williams* v. *Barnett,* 135 Cal.App.2d 607 [287 P.2d 789].

Plaintiff claims he is supported by certain presumptions under section 1963, subdivision 25, Code of Civil Procedure, as to "Indentity of person from identity of name" and presumption of ownership by exercising acts of ownership over the property, under section 1963, subdivision 12, and other evidence disclosed. Obviously, if the original C. R. and

Clarence R. Conover were the same person and said person died in 1953, the purported deed to Pon in 1956 was either from a different person or was an outright forgery. The trial court found that the original grantees, C. R. and Clarence R. Conover were the same person and that no title passed under the Pon deed.

It sufficiently appears that there is no inconsistency between the names of C. R. Conover, Clarence R. Conover and Clarence Conover, and the presumption of identity of person is presumed from identity of names. (*Knight* v. *Berger*, 57 Cal.App.2d 763 [135 P.2d 389] ; *McKinley Bros.* v. *McCauley*, 215 Cal. 229 [9 P.2d 298] ; *Biaggi* v. *Ramont*, 189 Cal. 675 [209 P. 892].) In addition, the death certificate shows "Hazel Conover—daughter" to be the informant and this is the same person found to be decedent Clarence R. Conover's heir and daughter and the person who conveyed her interest in parcels 2 and 4 to plaintiff on March 4, 1958.

Appellant offered no evidence as to the question of identity except the deed to Pon. That deed recites that Clarence R. Conover is "a single man." The claimed signature of Clarence R. Conover on the deed of April 25, 1956, to Harry Pon does not compare with the signature of C. R. Conover on the deed of October 18, 1950, to the Davises. Apparently the trial judge believed that the deed to Pon was of such questionable validity that he treated it as a nullity or "wild deed." That deed was dated April 25, 1956, and purportedly was acknowledged in Los Angeles County by one Margaret Clark, notary public. Conover died on November 13, 1953, over two years before this deed was executed. Defendant produced other deeds to Pon of equal questionableness. One was from "William T. Dunn" to Pon conveying Parcel 5, which deed was dated September 5, 1956, and acknowledged in Los Angeles by the same notary. Plaintiff's evidence shows Dunn died October 6, 1929, about 27 years earlier, and identity was established and appellant abandoned any claim to Parcel 5. Likewise, there was a deed from one "Emma Gardner," as to Parcels 1 and 3, dated August 8, 1956, purportedly acknowledged in Los Angeles by the same notary. It developed that Emma Gardner was a complete stranger to the title and appellant's counsel conceded plaintiff's title to Parcels 1 and 3. By strange coincidence, the deed under which the appellant district claims title from Pon was notarized by the same notary public and at about the same time. There was sufficient evidence of plaintiff's claim of title to support the judgment and accord-

ingly it becomes unnecessary to explore the validity of the Pon deeds.

Judgment affirmed.

Shepard, J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 13, 1960.