[Civ. No. 20728. First Dist., Div. One. Feb. 18, 1963.]

FRED H. LUNDBLADE, Plaintiff and Appellant, v. GEORGE E. PHOENIX, Defendant and Respondent.

Hill & Hill and Victor M. Corbett for Plaintiff and Appellant.

Mathews & Traverse and Edward F. Traverse for Defendant and Respondent.

MOLINARI, J.—This is an appeal from an order setting aside a default judgment in a quiet title action.

### Question on Appeal

Was there substantial evidence to support the trial court's order?

### The Record

On March 7, 1957, the plaintiff filed an action to quiet title to real property against two named defendants, George E. Phoenix and Natural Resources, Inc., a corporation. Pursuant to an affidavit, an order was made on May 24, 1957, that service be made on said defendants by publication. Thereafter, on February 24, 1958, a decree quieting title against both defendants was made and entered. On February 8, 1962, Jean Cantrell, as administratrix of the estate of George E. Phoenix, filed a notice of motion to set aside the default and the default judgment entered against George E. Phoenix. Concurrently with said motion the said Jean Cantrell filed an affidavit in support of said motion. The said affidavit is set out in its entirety in the footnote.[1] No counteraffidavit was filed by the plaintiff. The motion came

---

[1] "Jean Cantrell, being first duly sworn, deposes and says:

"1. That she is the administratrix of the Estate of George E. Phoenix, deceased, and that she has been duly appointed and is the presently acting administratrix.

"2. That George E. Phoenix died in Santa Barbara, California, on August 2, 1928.

"3. That the service of process made in the above entitled action by publication of summons as against George E. Phoenix, was made at a time when George E. Phoenix was dead and had been dead for several years.

"4. That your affiant as administratrix does claim and assert the title to the real property described in the above entitled action."

on for hearing on February 26, 1962, at which time a certified copy of a certificate of death of one George Phoenix was presented to the court and filed. This certificate was certified by the County Recorder of Santa Barbara County. The said certificate recited, among other things, that a person named George Phoenix died on August 2, 1928, in the City of Santa Barbara, California. Thereafter, on March 9, 1962, the trial court made its ruling granting the motion,[2] pursuant to which an order was made and filed on March 19, 1962, setting aside the judgment.[3] The plaintiff appeals from the said order and from the ruling on the motion.[4]

### Contention on Appeal

The plaintiff contends that there is no substantial evidence to support the trial court's ruling and order. He argues that while Jean Cantrell has established that *a* George E. Phoenix was dead at the time the action was commenced she has not shown that this is the same George E. Phoenix who is named as a defendant in the action.

### The Order is Supported by Substantial Evidence

We reiterate the elementary principle that the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the trial judge. (*Crawford* v. *Southern Pac. Co.,* 3 Cal.2d 427, 429 [45 P.2d 183]; *Thayer* v. *Pacific Elec. Ry. Co.,* 55 Cal.2d 430, 437 [11 Cal.Rptr. 560, 360 P.2d 56]; *Wade* v. *Campbell,* 200 Cal.App.2d 54, 63 [19 Cal.Rptr. 173].)

"In considering an appeal from an order which is based on affidavits and which involves the determination of a question of fact, an appellate court is bound by the same rule that controls where oral testimony is presented for review, namely: (1) if there is any conflict in the affidavits, those

---

[2]The court's ruling was in writing and contained the following statement: "It is not disputed that the defendant was dead prior to the commencement of the action. The judgment was therefore void and is subject to a collateral attack."

[3]The said order is as follows: "It is hereby ordered that the motion of . . . George E. Phoenix, be and the same is hereby granted and that the clerk of this court is hereby directed to so note on his records that said judgment is determined to be void and of no further effect."

[4]The ruling on the motion is a nonappealable order. It amounts to no more than an announcement of the trial court's decision on the motion. (*Rose* v. *Rose,* 110 Cal.App.2d 812, 813 [243 P.2d 578]; *Estate of Murphy,* 50 Cal.App.2d 440, 441 [123 P.2d 129]; *Burstein* v. *Zelman,* 182 Cal. App.2d 1, 5 [5 Cal.Rptr. 829]; and see Code Civ. Proc., § 963 as to appealable orders.)

favoring the prevailing party are accepted as true; and (2) since all intendments are in favor of the action taken by the lower court, the affidavits in behalf of the successful party are deemed not only to establish the facts directly stated therein, but all facts reasonably to be inferred from those stated." (*DeWit* v. *Glazier*, 149 Cal.App.2d 75, 81-82 [307 P.2d 1031]; *Mayo* v. *Beber*, 177 Cal.App.2d 544, 552 [2 Cal.Rptr. 405]; *Fuller* v. *Lindenbaum*, 29 Cal.App.2d 227, 230 [84 P.2d 155]; *Doak* v. *Bruson*, 152 Cal. 17, 19 [91 P. 1001].) In the present case no affidavit was presented by the plaintiff, hence we are not confronted with the question of conflicting affidavits. We need only to consider whether the Cantrell affidavit states sufficient facts to support the trial court's findings. In making this determination we must accept the evidentiary facts established therein as true as well as all facts which may be inferred from those stated.

The affidavit in question states that George E. Phoenix died in Santa Barbara, California, on August 2, 1928. This statement is supported by a certified copy of a death certificate to the effect that one George Phoenix died in Santa Barbara, California, on August 2, 1928. Such certificate is prima facie evidence of the facts stated in it. (Health & Saf. Code, § 10577.) The affidavit further states: "That the service of process made *in the above entitled action* by publication of summons as against George E. Phoenix, was made at a time when George E. Phoenix was dead and had been dead for several years." (Italics added.) This statement was not challenged by the plaintiff. Moreover, the title of the present action is "Fred H. Lundblade . . . vs. George E. Phoenix, Natural Resources, Inc., a corporation, John Doe and Jane Doe," and is "Superior Court of Humboldt County action No. 33080." Although the title of the cause is not shown on the copy of the affidavit in question included in the clerk's transcript, it does contain the number 33080. We are entitled to assume, therefore, that when the affiant made reference to "the above entitled action" she had reference to the title and number of the court and cause above referred to, and that the said affidavit was made in the present action. Moreover, no contention is made by the plaintiff that the title of the court and cause contained in the affidavit is not the same as that of the action which is the subject of these proceedings.

 Subdivision 25 of section 1963 of the Code of Civil

Procedure provides for a disputable presumption of "[i]dent-ity of person from identity of name," and that such presumption constitutes satisfactory evidence if uncontradicted. The presumption of identity of person from identity of name has long been recognized in California. This presumption is a form of prima facie evidence and will support findings in accordance therewith in the absence of evidence to the contrary. (*Estate of Nidever*, 181 Cal.App.2d 367, 384 [5 Cal. Rptr. 343].) In the present case no evidence was produced by the plaintiff that there were any other persons by the name of George E. Phoenix or George Phoenix. We therefore have no adversary evidence to create a conflict with the presumption.

In *Edelstein* v. *Pon*, 183 Cal.App.2d 795 [7 Cal.Rptr. 65], the grantee in a 1919 deed of a second parcel of realty was "*C.R.* Conover" and the grantee in a 1920 deed of a fourth parcel was "*Clarence R.* Conover. . . ." (P. 796.) In 1950 "*C.R.* Conover" deeded a portion of the fourth parcel. (P. 796.) In 1953 a death certificate of "*Clarence* Conover" was recorded. (P. 796.) The identity of the grantor was the subject of a quiet title action. The court there held that there was no inconsistency between "C. R. Conover," "Clarence R. Conover" and "Clarence Conover," and that the presumption of identity of person is presumed from identity of names. (See also *People* v. *Ahouse*, 162 Cal.App.2d 586, 588 [328 P.2d 227]; *People* v. *Theodore*, 121 Cal.App.2d 17, 28 [262 P.2d 630]; *Estate of Levy*, 4 Cal.2d 223, 226 [48 P.2d 675]; *People* v. *Little*, 41 Cal.App.2d 797, 799-800 [107 P.2d 634, 108 P.2d 63].)

The identity of the person George E. Phoenix from the identity of the name George E. Phoenix and George Phoenix being uncontroverted, the trial court was entitled to presume that the person named as a defendant in the action was the same person named in the death certificate and referred to in the affidavit. ▮ Accordingly, if a person dies before an action is brought, he is never a party to the action. Therefore, any judgment therein as to him is void. (*Conlin* v. *Blanchard*, 219 Cal. 632, 635 [28 P.2d 12]; and see *Overell* v. *Overell*, 18 Cal.App.2d 499, 502 [64 P.2d 483].)

▮ The trial court, however, also purported by its order to set aside the judgment as to the codefendant, Natural Resources, Inc. This defendant did not appear in the action nor did it move to set aside the judgment. The trial court

was therefore without jurisdiction to set the judgment aside as to said defendant.

The order setting aside the judgment is affirmed as to George E. Phoenix and reversed as to Natural Resources, Inc., a corporation. The appeal from the ''Ruling on Motion,'' a nonappealable order, is dismissed. The respondent shall have his costs on appeal.

Bray, P. J., and Sullivan, J., concurred.