Bernard Tomson, J.
The defendants move to dismiss pursuant to subdivision 7 of 3211 CPLR on the ground that the complaint fails to state a cause of action, to dismiss pursuant to subdivision 10 of 3211 CPLR on the ground that the court ‘1 should not proceed in the absence of a person who should be a party, or in the alternative the Court should not permit this action to proceed until said person is made a party defendant under CPLR 1001.”
The complaint alleges that the plaintiff and the defendants entered into an agreement of copartnership; that the parties as copartners entered upon the performance of that agreement; that as a result of the obligations of the copartnership, a judgment in the sum of $2,096.50 was had in the County Court of the County of Nassau by Gulf Oil Corp. against the plaintiff, wherein and whereby plaintiff became obligated to the said Gulf Oil Corp. in the sum of $2,096.50; that there is now due and owing from the defendants to the plaintiff the sum of $1,397.67.
It should be noted that there is no allegation of a prior accounting or final settlement of the partnership affairs, nor, that the judgment alleged is the only remaining matter to be resolved between the parties. The affidavits in support of the motion, inter alia, state that although only two parties are made defendants that actually there were four partners and that the unnamed partner is the plaintiff’s brother.
Payment is not alleged although one of the affidavits submitted by the plaintiff recites the fact that partial payment of *898 $360 has been made by the plaintiff on the judgment and that the judgment creditor ‘ ‘ has pressed for payment of the remainder of the judgment and intends to execute thereon.”
■Section 40 of the Partnership Law is identical with section 18 of the Uniform Partnership Act. Subdivision 2 of the section reads: ‘£ The partnership must indemnify every partner in respect of payments made and personal liabilities reasonably incurred by him in the ordinary and proper conduct of its business, or for the preservation of its business or property.” (Emphasis supplied.)
The phrase “personal liabilities reasonably incurred” does not seem to have been discussed in any case referred to in the annotations to either the New York statute or the Uniform Act, nor, has any such case been brought to the attention of the court.
Where payment of a partnership obligation is alleged by one of the partners, recovery by one of the partners against the remaining partners has been permitted. (Cf. Kraemer v. Gallagher, 18 A D 2d 676; Awtry v. Hilman, 193 Misc. 693, and authorities there cited. See, also, Burstein v. Zelman, 182 Cal. App. 2d 1; Barron v. Koenig, 80 Idaho 28; Goldring v. Chudacoff, 15 Cal. App. 2d 741.)
The entire matter is discussed in “Partners and Partnerships ” by Barrett and Seago (1956). At pages 597 to 598 in volume 1 it is stated: ‘ ‘ When one partner pays more than his fixed share of the debts and liabilities, of the partnership of which he is a member, he may recover from his other partners their fixed share of such payments that were made by the partner who seeks contribution therefor.
“ Ordinarily the matter of contribution as between the partners may not be determined as to amount until after there is a final settlement of partnership affairs.
“ Where a single item is involved or where a very few items are in issue as to contribution between the partners, the requirement that a final settlement of the partnership affairs shall first be made is not applicable.
“If there be no agreement between the partners, contributions shall be enforced equally as amongst them, otherwise in the proportion in which profits are shared. If some of the partners are insolvent, or because of nonresidence, are not before the court, the other partners must make up any deficiency in the amount that is required to pay the creditors in full. In this instance it is as though those who are insolvent or who are not before the court were not in fact members of the partnership.”
*899 At page 600, the authors state: “ Subject to the exceptions set forth below, a partner’s claim for contribution must be brought in a court of equity. A court of law may take jurisdiction in the following instances: (a) Where the claim arises from an isolated transaction; (b) where one partner has promised to pay a given sum as contribution without reference to a partnership accounting; and (c) where there has been an accounting and a dissolution, but the demand for contribution did not arise until after these events.
‘ ‘ There is a practical distinction where a choice is available as between an action for contribution at law or in equity. In an action at law each partner can be held only for his numerical pro rata share. In an action for contribution in equity those partners who are insolvent or who are not before the court are not counted in determining the contribution.”
It is not clear from the papers whether the plaintiff was sued by the Gulf Oil Corp. In his capacity as a partner or as an individual without reference to the partnership. If the former, a recovery in the instant action could well subject the instant defendants to double liability. (See Debtor and Creditor Law, §§ 232, 233 [General Obligation Law, eff. Sept. 27, 1964, art. 15, § 15-101 et seq.~\. Cf. Flechenstein v. Nehrbas, 233 N. Y. S. 2d 920; Deyo & Bro. v. Bloom, 100 N. Y. S. 2d 155; CPLB 3016, subd. [d].)
It would seem fairly clear that unless it is established that the claim sued on arises from an isolated transaction (particularly, where payment has not in fact been made of a judgment alleged to be a partnership debt) and where all the partners are not joined in the action, that the partners should be required to determine their respective claims in an equity action where there may be a final settlement of the partnership affairs. In such a proceeding, the ‘ ‘ personal liabilities reasonably incurred” by each partner on behalf of the partnership may be determined even if payments had not been made by the partner asserting his claim because of a “personal liability.” Accordingly, the motion to dismiss is granted.